COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

ERIC FLORES, § No. 08-09-00158-CV

Appellant, § Appeal from the

v. § County Court at Law No. Five

UNITED FREEDOM ASSOCIATES, § of El Paso County, Texas
INC. AND AL SANCHEZ, §

Appellees. § (TC# 2009-1246)

§

## **O P I N I O N**

Appellant, Eric Flores, appeals the trial court's rendition of summary judgment in favor of Appellees, United Freedom Associates, Inc. (UFA) and Al Sanchez, in Flores' suit against UFA and Sanchez for alleged employment discrimination. Finding Appellant failed to adequately brief his issues, we determine that nothing is presented for review and therefore affirm the trial court's judgment.

## **BACKGROUND**

Because the factual background and proceedings are well-known to the parties, we abbreviate the recitation of the facts as follows. Through a contract with the U.S. Army, the Texas Department of Assistive and Rehabilitative Services (TDARS) provided meals to soldiers. TDARS, in turn, subcontracted these operations to Cantu Services. On November 1, 2008, the subcontract was transferred to UFA.

Although disputed, Appellant alleges that he was employed by Cantu Services as a cook. Appellant contends that during his employment, a Cantu Services manager permitted him to take leave for a family emergency with a promise of job retention. Upon his return, apparently after

November 1, 2008, Appellant learned of the subcontractor change. Some, but not all, Cantu Services employees were hired by UFA.

In his petition, Appellant alleged that he applied for employment with UFA but, for impermissible reasons, was not hired by UFA's project manager, Mr. Al Sanchez, in violation of his civil rights. UFA and Mr. Sanchez answered the petition, asserted special exceptions, and set forth affirmative defenses. UFA and Mr. Sanchez jointly filed a motion for summary judgment, which Appellant answered with a "Motion for Dilatory Pleas and Issue of Law." After receiving notice, Appellant failed to appear at the summary judgment hearing and the trial court granted summary judgment in favor of UFA and Mr. Sanchez.

Appellant thereafter pursued a writ of mandamus that was denied. Appellant filed a notice of restricted appeal as well as a motion for rehearing but requested that the motion be "disposed of" if not already rendered and asked this Court to file his appellate brief. Appellant then filed a supplement to his brief.

## DISCUSSION

Appellant, appearing *pro se*, contends in two issues that his claims asserted a genuine issue of material fact to prove as a matter of law an affirmative finding of employment discrimination and that the trial court abused its discretion by failing to rule upon his "motion for issuance of law and dilatory pleas within the time period that the motion was filed." We need not reach any of Appellant's complaints as we find them inadequately briefed.

As Appellant is acting *pro se* on appeal, we must construe his appellate brief liberally. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). However, the law is well-settled that a party proceeding *pro se* must comply with all applicable procedural rules. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.–El Paso 2007, no pet.); *Sweed v. City of El Paso*, 195 S.W.3d 784,

786 (Tex. App.–El Paso 2006, no pet.); *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App.–Amarillo 2000, no pet.); *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.–Texarkana 1997, no pet.); *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.–Dallas 2007, no pet.). If that were not the case, *pro se* litigants would be afforded an unfair advantage over those represented by counsel. *Valadez*, 238 S.W.3d at 845; *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.–El Paso 2007, pet. struck); *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied). Therefore, on appeal, the *pro se* litigant must properly present his case. *Valadez*, 238 S.W.3d at 845; *Martinez*, 218 S.W.3d at 844; *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.–Dallas 2004, pet. denied); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.–Amarillo 2003, pet. denied).

Under the Rules of Appellate Procedure, Appellant's brief is required to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). When the appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for review. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Valadez*, 238 S.W.3d at 843; *Martinez*, 218 S.W.3d at 844; *Plummer*, 93 S.W.3d at 931; *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.–Houston [14th Dist.] 2002, no pet.). As we noted in *Valadez*:

> It is the Appellant's burden to discuss her assertions of error. An appellate court has no duty – or even right – to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party.

*Valadez*, 238 S.W.3d at 845 (citations omitted).

Here, Appellant provided no record references nor any citation to authorities where required. *See* TEX. R. APP. P. 38.1. Although the argument in Appellant's original brief contains a reference

to Rule 166(a) of the Texas Rules of Civil Procedure, he provided no citation to any authorities, thus failing to present any discussion or argument or explanation of how such cases supported his specific contentions. In the supplement to his brief, we find the same inadequacies and note that while Appellant did provide citation to a single authority in his argument, he thereafter provided no discussion or argument of the case cited nor an explanation of how that case supported his specific contentions. We therefore overrule Appellant's complaints as inadequately briefed. *See* TEX. R. APP. P. 38.1; *Kupchynsky v. Nardiello*, 230 S.W.3d 685, 692 (Tex. App.–Dallas 2007, pet. denied) (issue inadequately briefed when party gave general cite to one case stating elements of cause of action); *Sterling v. Alexander*, 99 S.W.3d 793, 799 (Tex. App.–Houston [14th Dist.] 2003, pet. denied) (issue inadequately briefed when party failed to make proper citations to authority or the record and in failing to make a cogent argument); *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 646 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (issue inadequately briefed when party did little more than summarily state his point of error, without citations to legal authority or substantive analysis); *Velasquez v. Waste Connections, Inc.*, 169 S.W.3d 432, 436 (Tex. App.–El Paso 2005, no pet.) (issue inadequately briefed when argument did not contain any references to relevant cases or legal principles).

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

April 14, 2010

Before Chew, C.J., McClure, and Rivera, JJ.