

**NUMBER 13-11-00542-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ROBERT MARTINEZ,** **Appellant,**

**v.**

**MARIA ELENA MARTINEZ,** **Appellee.**

**On appeal from the County Court at Law No. 6
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Robert Martinez, appeals the trial court's order denying his bill of review regarding the divorce decree. Appellant argues: (1) the trial court erred by denying his bill of review; (2) the trial court, after subsequently granting his bill of review, erred by reinstating its prior order denying his bill of review; (3) the trial court erred by failing to equitably divide the community property; (4) the trial court erred by dividing the community property without a hearing; (5) the trial court erred by inequitably dividing the

community property in the presence of fraud; (6) the trial court erred by failing to give notice of the final divorce decree dividing community property; and (7) the trial court violated the "Due Process Clause of the Constitution" by entering a judgment without notice or service.[1] We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

In 1999, Maria Elena Martinez ("Maria"), appellee, filed for divorce. On November 25, 2009, the trial court signed the divorce decree. It states that the trial court heard the case on December 19, 2005 but also that it "later heard this case on the same issues by submission of written summations and property division proposals."[3] The divorce decree states that "Petitioner, MARIA ELENA MARTINEZ, appeared in person and through attorney of record, FERNANDO G. MANCIAS, and announced ready for trial [and that] Respondent, ROBERTO MARTINEZ, appeared through attorney of record, FRANCISCO PRADO, and announced ready for trial." It further states that a jury was waived and all questions of fact and law were submitted to the court for decision.

According to the decree, the trial court granted a divorce, divided the parties' marital property, and ordered payment of back child support and other relief. The divorce decree notes that the divorce was rendered in court on December 19, 2005 but signed on November 25, 2009. The record does not show that any subsequent hearings

[1] We have reorganized and restated appellant's issues for the sake of clarity.

[2] The clerk's record includes a copy of the final decree of divorce but does not otherwise include any of the filed documents from the divorce proceeding. The court reporter's record includes the court reporter's transcript from the bill of review hearings but does not include any transcripts from hearings in the divorce proceeding.

[3] During the October 19, 2010 hearing on the bill of review, the trial court took judicial notice of its files, and, "in particular[,] notice that there was a submission by Mr. Francisco Prado, Jr. [appellant's trial attorney], on November 10th, 2009, filed for record on November 12, 2009." The decree of divorce shows that the trial court also considered "the proffer of evidence and proposal for property in that division submitted by Petitioner [Maria] and dated June 30, 2006."

were held in the divorce action, either before or after the entry of the divorce decree, or that appellant filed any motion for new trial or any other post-judgment motions in the divorce action.

On August 9, 2010, appellant filed a bill of review. During the bill of review proceeding, appellant testified that he had learned that the divorce decree was signed in 2009. On December 1, 2010, the trial court entered judgment, denying appellant's bill of review. On February 8, 2010, the trial court granted appellant's motion for a new trial in the bill of review action, but on July 22, 2011, the trial court entered an "Order Reinstating Prior Order" granting Maria's motion for reconsideration and holding that "[t]he Judgment entered by this Court dated February 8, 2011 is hereby set aside; and that the order of December 1, 2010 is hereby REINSTATED." This appeal followed.

## II. BILL OF REVIEW

A bill of review is an equitable proceeding brought to set aside a prior judgment where the time to file a motion for new trial or appeal has passed. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984); *Garza v. Att'y Gen.*, 166 S.W.3d 799, 807 (Tex. App.—Corpus Christi 2005, no pet.) (citing *King Ranch, Inc. v. Chapman III*, 118 S.W.3d 742, 751 (Tex. 2003)). Therefore, "[t]he burden on a bill of review petitioner is heavy." *Garza*, 166 S.W.3d at 807–08; *Layton v. NationsBank Mortgage Corp.*, 141 S.W.3d 760, 763 (Tex. App.—Corpus Christi 2004, no pet.).

We review the denial of a bill of review under an abuse of discretion standard. *Garza*, 166 S.W.3d at 810–11; *Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi 2003, pet. denied). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, or whether it acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Garza*, 166 S.W.3d at 810–11. A trial court does not abuse its discretion when it makes its decision on conflicting evidence and some evidence supports its judgment. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Garcia–Udall v. Udall*, 141 S.W.3d 323, 333 (Tex. App.—Dallas 2004, no pet.) (citing *David v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Burns v. Burns*, 116 S.W.3d 916, 921 (Tex. App.—Dallas 2003, no pet.)).[4]

## III. DISCUSSION

Given our deferential standard of review in this case, "appellant must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances of the case, i.e., whether the trial court acted without reference to any guiding rules and principles." *Lewis v. Johnson*, 97 S.W.3d 885, 887 (Tex. App.—Corpus Christi 2003, no pet.) (citing *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2002, pet. denied); *Downer*, 701 S.W.2d at 241–43). Appellant has failed to do so.

Although appellant arguably asserts the above-referenced issues, his argument is, for the most part, solely based on conclusory statements without reference to the record and without support of any case authority or legal analysis. Appellant generally cites

---

[4] We note that findings of fact and conclusions of law were neither requested nor filed in this case. As such, it is implied that the trial court made all the findings necessary to support its judgment. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

4

case authority regarding the standard of review for the division of community property but thereafter fails to identify any property that was improperly distributed or otherwise show why the community property division was inequitable and therefore manifestly unjust or unfair. Appellant also generally cites case authority regarding the failure to give notice of judgment but thereafter fails to make any reference to the record or otherwise present any argument on this issue. Appellant's remaining argument states, in full, that he never took part in the divorce proceedings; that he was never advised by counsel of hearing dates and court appearances; that he did not know the divorce was finalized; that his attorney did not receive notice that the divorce decree was signed by the court; and that the court did not have an evidentiary hearing on the estate. Appellant, however, does not provide citations to the record, does not present any further legal authority, and does not otherwise make any legal argument regarding these matters.

Even under a liberal construal of the briefing rules in the Texas Rules of Appellate Procedure,[5] we are constrained to hold that appellant's argument is waived. *See* TEX. R. APP. P. 38.1 (g), (i); *Flores v. United Freedom Assocs.*, 314 S.W.3d 113, 116 (Tex. App.—El Paso 2010, no pet.) (overruling argument as inadequately briefed because appellant failed to cite legal authorities or present argument); *Moreno Denoso v. State*, 156 S.W.3d 166, 183 (Tex. App.—Corpus Christi 2005, pet. ref'd) (overruling issue because appellant did not cite authority for the proposition); *Devine v. Dallas County*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.) (overruling issue because appellant "failed to provide a single record citation in his brief, and some of the issues

---

[5] *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) ("[W]e have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of the rule." (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997))).

contain[ed] no citation to legal authority."); *City of Fort Worth v. DeOreo*, 114 S.W.3d 664, 679 (Tex. App.—Fort Worth 2003, no pet.) (appellant waived issue by giving "no record references, arguments, or case law to support its contention."); *Lueg v. Lueg*, 976 S.W.2d 308, 312 (Tex. App.—Corpus Christi 1998, pet. denied) (holding argument waived because "brief cites us to no specific record references for these alleged facts on record."). As our sister appellate court noted:

> It is the Appellant's burden to discuss [his] assertions of error. An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so . . . we would be abandoning our role as neutral adjudicators and become an advocate for that party.

*Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Appellant's issues are inadequately briefed and waived. *See* TEX. R. APP. P. 38.1 (g), (i).

However, even if we were to consider appellant's issues, appellant would still not be entitled to equitable relief by way of bill of review. In order to prevail and set aside a judgment by bill of review, a party must plead and prove: (1) a meritorious defense to the underlying cause of action; (2) justification for failure to present the defense by fraud, accident, or wrongful act of the opposing party or official mistake; and (3) the default judgment was rendered through no fault or negligence of his own. *Caldwell*, 154 S.W.3d at 96; *Garza*, 166 S.W.3d at 810. We find the third element dispositive of this appeal and do not therefore address the first two elements. *See* TEX. R. APP. P. 47.1.

The third element not only encompasses whether a petitioner was negligent in allowing the trial court to render judgment against him but also whether he exercised due diligence in availing himself of all legal remedies against the former judgment. *Garza*, 166 S.W.3d at 817-18; *Winrock Houston Assocs. Ltd. P'ship v. Bergstrom*, 879 S.W.2d

6

144, 140 (Tex. App.—Houston [14th Dist.] 1994, no writ) *superseded on other grounds as recognized in Glassman v. Goodfriend*, 347 S.W.3d 772, 781 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). One who has neglected to pursue an alternative legal remedy, such as a motion for new trial, an appeal, or a writ or error, is not entitled to seek equitable relief by way of bill of review. *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980); *Garza*, 166 S.W.3d at 818. If a petitioner had legal remedies which were available to him but ignored, relief by equitable bill of review is unavailable. *Mowbray v. Avery*, 76 S.W.3d 663, 682 (Tex. App.—Corpus Christi 2002, pet. denied) (citing *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999)).

> Rule of Civil Procedure 306a(4) provides:
>
> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX. R. CIV. P. 306a(4). In other words, "[i]f a party does not receive notice of the judgment within the time frame set forth in rule 306a(4), the party can file a [rule 306(a)(5)] motion to extend the deadlines to file postjudgment motions or seek appellate relief." *Binnie v. Coyle*, No. 13-09-00227-CV, 2010 WL 4812995, at *7 (Tex. App.—Corpus Christi Nov. 23, 2010, no pet.) (mem. op.).

The final divorce decree was signed on November 25, 2009. The deadline to file a rule 306a(5) motion would have expired ninety days later, in February 2010. *See* TEX. R. CIV. P. 306a(4). Appellant had actual knowledge of the signing in December 2009,

7

and he had sufficient time to file a rule 306a(5) motion before the deadline. Appellant's failure to pursue adequate legal remedies, despite possessing knowledge that a final decree was signed, shows that his defense was not unmixed with any fault or negligence on his own part. *See Caldwell*, 154 S.W.3d at 96 (providing prerequisite elements to be awarded bill of review); *see also Binnie*, 2010 WL 4812995, at *7 (holding failure to file rule 306a(5) motion under the time extension provided in rule 306a(4) indicated defendant was not without fault). We overrule appellant's issues.

## IV. CONCLUSION

We affirm the trial court's judgment denying appellant's petition for bill of review.

GREGORY T. PERKES
Justice

Delivered and filed the
14th day of February, 2013.