**Opinion issued December 2, 2021**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-21-00064-CV

———————————

**DEBRA ROBERTS AS ATTORNEY IN FACT FOR JAMES A. ROBERTS, Appellant**

**V.**

**THE CITY OF TEXAS CITY, TEXAS, Appellee**

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 20-CV-1013**

## MEMORANDUM OPINION

Appellant, Debra Roberts, as Attorney in Fact for James A. Roberts, challenges the trial court's order granting the motion to dismiss of appellee, The City of Texas City, Texas (the "City"), in Roberts' suit against the City under Texas Local

Government Code section 214.0012.[1]  In two issues, Roberts contends that the trial court erred in granting the City's motion to dismiss.

We affirm.

On April 30, 2021, Roberts filed her "Appellant's Opening Brief" with this Court.  On May 18, 2021, the City filed its appellee's brief, asserting, in part, that Roberts' appellant's brief failed to comply with Texas Rule of Appellate Procedure 38.1.  *See* TEX. APP. P. 38.1 (governing contents and organization of appellant's brief).  Specifically, the City asserted that Roberts' appellant's brief, "while containing supposed factual recitations and argument, d[id] not once tie those assertions and arguments to the clerk's record" and "[a]dequate briefing includes proper citation to the record and to authorities."  "[A] brief that does not contain any citations . . . to the record for a given issue waives that issue" on appeal.  The City requested that we either conclude that Roberts had waived her appellate issues by failing to comply with Texas Rule of Appellate Procedure 38.1 or dismiss Roberts' appeal "[b]ecause of the . . . deficiencies . . . in [her] appellant's brief."

On July 27, 2021, the Clerk of this Court notified Roberts that her "Appellant's Opening Brief" did not comply with the requirements of Texas Rule of

---

[1] *See* TEX. LOC. GOV'T CODE ANN. § 214.0012 ("Any owner, lienholder, or mortgagee of record of property jointly or severally aggrieved by an order of a municipality issued under [Texas Local Government Code] [s]ection 214.001 may file in district court a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality.").

2

Appellate Procedure 38.1 because it failed to "contain a statement of the case 'supported by record references,'" "contain a statement of facts 'supported by record references,'" and "contain 'a clear and concise argument for the contentions made, with appropriate citations . . . to the record.'" *See* TEX. R. APP. P. 38.1(d), (g), (i). The Clerk directed Roberts to file an amended brief that complied with rule 38.1 within twenty-one days of the notice and informed Roberts that, if she failed to do so, we could dismiss her appeal. *See* TEX. R. APP. P. 38.8(a), 38.9(a), 42.3(b), (c), 43.2(f). On August 23, 2021, Roberts filed an amended "Appellant's Opening Brief."

"An appellate brief is 'meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case.'" *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (internal quotations omitted). The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *Id.*; *see* TEX. R. APP. P. 38.1. They contain "specific requirements for briefing that require, among other things, that an appellant provide a statement of facts, which includes references to the record, and an argument that is clear and concise with appropriate citations to authorities and the record." *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1 (Tex. App.— Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (internal quotations omitted);

3

*Lemons v. Garmond*, No. 01-15-00570-CV, 2016 WL 4701443, at \*1 (Tex. App.—Houston [1st Dist.] Sept. 8, 2016, pet. denied) (mem. op.); *see also* TEX. R. APP. P. 38.1(g) (appellant's brief's statement of facts "must be supported by record references"), (i) (appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations . . . to the record"); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) ("Importantly, statements of fact must be supported by direct references to the record that are precise in locating the facts asserted."). An appellant's brief must also contain a statement of the case that is "supported by record references." TEX. R. APP. P. 38.1(d). In short, "[a]dequate briefing [requires] proper citation to the record," and "[i]f record references are not made or are inaccurate, misstated, or misleading, the brief fails." *Walker v. Davison*, No. 01-18-00431-CV, 2019 WL 922184, at \*2 (Tex. App.—Houston [1st Dist.] Feb. 26, 2019, no pet.) (mem. op.); *Bolling*, 315 S.W.3d at 896; *see also Afshang v. Mortazavi*, No. 01-16-00171-CV, 2017 WL 711743, at \*2 (Tex. App.—Houston [1st Dist.] Feb. 23, 2017, no pet.) (mem. op.).

Additionally, when appellate issues are not supported by citation to the record, nothing is presented for an appellate court's review. *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010, no pet.); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see also Walker*,

2019 WL 922184, at *2–3; *Trammell v. Frost Nat'l Bank*, No. 01-05-00216-CV, 2006 WL 3513596, at *1–2 (Tex. App.—Houston [1st Dist.] Dec. 7, 2006, no pet.) (mem. op.) (brief that does not contain citations to record for given issue waives that issue). This is because an appellate court has no duty—or even right—to perform an independent review of the record to determine whether there was error. *Reid v. Worede*, No. 01-18-01010-CV, 2020 WL 3393074, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2020, no pet.) (mem. op.) (noting appellate court's role as neutral adjudicator prevents it from performing independent review of record); *Walker*, 2019 WL 922184, at *2; *Flores v. United Freedom Assocs., Inc.*, 314 S.W.3d 113, 115–16 (Tex. App.—El Paso 2010, no pet.); *see also Bolling*, 315 S.W.3d at 895 ("Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other."). If an appellate court were to do so, it would be abandoning its role as judge and assuming the role of advocate for a party. *See Bolling*, 315 S.W.3d at 895 ("We are not responsible for searching the record for facts that may be favorable to a party's position.").

Although Roberts was given an opportunity to comply with the Texas Rules of Appellate Procedure, she failed to do so. *See Holz v. United States of Am. Corp.*, No. 05-13-01241-CV, 2014 WL 6555024, at *1–2 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.) (appellant given opportunity to cure defects in his briefing,

but he failed to do so).  Roberts' amended "Appellant's Opening Brief" still does not contain a statement of the case "supported by record references," a statement of facts "supported by record references," and "a clear and concise argument for the contentions made, with appropriate citations . . . to the record."  *See* TEX. R. APP. P. 38.1(d), (g), (i).  Instead, Roberts, in her amended brief, states that "no trial record exists in the matter at hand."  *But see* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record.").  Yet a clerk's record was filed in this appeal on February 22, 2021 and a supplemental clerk's record was filed on May 13, 2021—both of which occurred before Roberts filed her amended brief.  *See* TEX. R. APP. P. 34.5 ("Clerk's Record").  Although Roberts attempts to direct this Court to exhibits purportedly attached to her amended brief in lieu of record citations, the attachment of documents as exhibits or appendices to an appellate brief does not constitute a formal inclusion of such documents in the record for appeal.  *See McCann v. Spencer Plantation Invs., Ltd.*, No. 01-16-00098-CV, 2017 WL 769895, at *4 n.5 (Tex. App.—Houston [1st Dist.] Feb. 28, 2017, pet. denied) (mem. op.); *see also WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("[W]e cannot consider documents attached as appendices to briefs . . . .").  And Roberts failed to actually attach any purported exhibits to her amended brief when she filed it with the Court.  In sum, Roberts has not corrected the deficiencies

6

in her "Appellant's Opening Brief" as directed by this Court and has not filed a brief that complies with Texas Rule of Appellate Procedure 38.1. *See, e.g.*, *Holz*, 2014 WL 6555024, at *1–2.

Because Roberts' amended "Appellant's Opening Brief" still does not comply with the Texas Rules of Appellate Procedure, we hold that she has waived review of her two appellate issues.[2] *See, e.g.*, *Reid*, 2020 WL 3393074, at *1 (because appellant did not comply with Texas Rule of Appellate Procedure 38.1, holding she "waived all claims of error"); *Walker*, 2019 WL 922184, at *2–3 (because appellant's brief did not contain any citations to record in support of appellant's contentions, holding his appellate issues were waived); *Afshang*, 2017 WL 711743, at *1–2 (because appellant, in his brief, did not provide any citations to record to support his contentions, holding "his complaints [were] waived"); *Holz*, 2014 WL 6555024, at *1–2 (because appellant's amended brief did not contain citations to

---

[2] Alternatively, when, as here, an appellant files a brief that does not comply with the Texas Rules of Appellate Procedure and then files an amended brief that also does not comply, "the court may strike the brief, prohibit the [appellant] from filing another, and proceed as if the [appellant] had failed to file a brief." TEX. R. APP. P. 38.9(a); *see also Tyurin v. Capital One, N.A.*, No. 01-16-00810-CV, 2018 WL 2925688, at *2 (Tex. App.—Houston [1st Dist.] June 12, 2018, no pet.) (mem. op.); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.). And when an appellant fails to file a brief, we may dismiss her appeal for want of prosecution or, when an appellee's brief has been filed, we can regard that brief as correctly presenting the case and affirm the trial court's judgment upon that brief without examining the record. *See* TEX. R. APP. P. 38.8(a)(1), (3), 42.3, 43.2(f); *Capital One, N.A.*, 2018 WL 2925688, at *2; *Hirsch & Westheimer*, 2017 WL 4682191, at *2 & n.2.

record, holding appellant waived his complaint on appeal and affirming trial court's order); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that inadequate briefing waives issues on appeal).

We affirm the order of the trial court.

Julie Countiss
Justice

Panel consists of Justices Goodman, Landau, and Countiss.