**Opinion filed November 15, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00325-CV

_____

## STEVE VAN HORNE, Appellant

## V.

## ATMOS ENERGY CORPORATION, Appellee

### On Appeal from the 104th District Court
### Taylor County, Texas
### Trial Court Cause No. 28401-B

### M E M O R A N D U M   O P I N I O N

Appellant claims that the trial court erred when it granted, with prejudice, Appellee's Rule 91a motion to dismiss Appellant's lawsuit. *See* TEX. R. CIV. P. 91a. Appellee maintains, among other things, that although Appellant has filed a brief in this case, the brief that he filed does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. We agree. Because Appellant has submitted a brief that does not comply with that rule, we affirm the order of the trial court.

Appellant's "Fourth Amended Complaint" was Appellant's live pleading at the time that the trial court dismissed Appellant's lawsuit. According to the

complaint, the plaintiffs in this lawsuit are Steve Van Horne and his wife, Michelle Van Horne, who are the "biological and/or legal guardians" of four children. Carlton Lyons and Mark Almeida, "Trustees who make up the Trust Instrument which owns Children of the Kingdom's Property" are also named as plaintiffs.

Although there were multiple plaintiffs in the trial court, Steve Van Horne is the only named Appellant in the Notice of Appeal; he appears here, as he did in the trial court, pro se. Further, as he apparently did in the trial court for all plaintiffs, Steve Van Horne claims to represent, as "Advocate," parties that he believes are other appellants in his appeal.

So that our reasoning regarding the insufficiency of Appellant's brief is clear, we believe it to be helpful to set out briefly the salient facts and claims alleged by the plaintiffs in the trial court.

The facts that gave rise to this lawsuit seem to have arisen, according to Plaintiffs' allegations, when Atmos began "using Plaintiffs' [natural gas] feed line without Plaintiffs' permission." Plaintiffs also complained that Atmos had installed a "smart meter" that Atmos used to meter natural gas that was used on the property. Plaintiffs alleged that the smart meter "was within feet of Plaintiffs' front door" and was detrimental to their health. We note that in their Fourth Amended Complaint, Appellant and the other plaintiffs alleged that "Children of the Kingdom" is the record owner of the property in question and "is set up under a trust as a religious organization."

To provide context for our opinion, we will set out Appellant's causes of action or complaints in this lawsuit. As best we can discern, Appellant and the other plaintiffs lodged some twenty or so causes of action or complaints against Atmos. We will use Appellant's terminology for those causes of action or complaints as they appear in the Fourth Amended Complaint: Assault, Aggravated Assault, Assault With a Deadly Weapon, Civil Assault, Conditional Assault, Breach of Contract,

2

Breach of Fiduciary Duty, Civil Conspiracy, Conversion, Deceptive Trade Practices, Fraud, Gross Negligence, Intentional Infliction of Emotional Distress, Invasion of Privacy, Negligence, Negligence Per Se, Negligent Misrepresentation, Negligent Undertaking, Nuisance, Products Liability, Respondeat Superior, Theft, and Trespass.

Atmos filed a Rule 91a motion to dismiss and the trial court set the motion for a hearing. On the night before the hearing, Appellant e-mailed a motion for continuance to one of Atmos's counsel. In his brief, Appellant maintains that he mailed the motion to the trial court. The trial court announced at the hearing on Appellee's motion to dismiss that it could not find where a motion for continuance had been filed with the trial court; neither could we. However, based upon representations of Atmos's counsel that Atmos had received the motion, it considered it as an oral motion and denied it.

Atmos appeared by counsel for the hearing on its motion to dismiss. However, neither Appellant nor any of the other named plaintiffs appeared and no one appeared for them. Appellant argues here that he assumed that it would be unreasonable for the trial court to expect that Appellant's "Advocate" would not need a reasonable time to familiarize himself with the case before appearing before the court. Therefore, Appellant opted not to appear for the hearing on Atmos's motion to dismiss because he believed that the trial court would grant the continuance. After the trial court denied Appellant's motion for continuance, it held the hearing on Appellee's motion to dismiss and dismissed the lawsuit with prejudice.

Atmos maintains, among other things, that Appellant waived any complaint about the trial court's order when he failed to specifically attack the order in the argument portion of his appellate brief. Atmos also claims that Appellant waived any challenges to the order when he failed to challenge all grounds on which the trial

court could have granted the motion to dismiss. Further, Atmos takes the position that Appellant did not adequately brief the issues he has raised on appeal and that, therefore, he has waived his issues.

We find the briefing concerns raised by Atmos to be dispositive of this appeal and conclude that Appellant's brief is insufficient when measured against the requirements of Rule 38.1. *See* TEX. R. APP. P. 38.1. Appellant's brief is devoid of any citations to the record as required. *Id.* R. 38.1(g), (i). To the contrary, without record references, Appellant's brief contains copies of various articles, statements, reports of purported experts, copies of electronic transmissions between the parties, and other materials that do not appear of record. Further, also without record references, Appellant has attached Appendices A through O to his brief. Those appendices likewise contain various articles, statements, reports of purported experts, copies of electronic transmissions between the parties, and other materials that do not appear of record. Thus, even if Appellant's brief did comply with the requirements of Rule 38.1, because the "evidence" he submits as referenced above does not appear in the appellate record, we may not consider it. *Id.* R. 38.1(h).

An appellant should not include argument in the Statement of the Case portion of the brief. *See id.* R. 38.1(d). Here, the Statement of the Case in Appellant's brief is replete with argument in contravention of Rule 38.1(d). Record references in support of the statement are to be included in the Statement of the Case. *Id.* R. 38.1(d). Appellant has included no record references in support of the Statement of the Case.

As in the trial court, Appellant appears pro se. Be that as it may, Appellant is "held to the same standards as any licensed attorney" and is "required to comply with all applicable rules of procedure." *Thompson v. Gonzales*, No. 11-21-00192-CV, 2022 WL 17997005, at *1 (Tex. App.—Eastland Dec. 30, 2022, no pet.) (mem. op.); *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There

4

cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."); *Aaron v. Fisher*, 645 S.W.3d 299, 312 (Tex. App.—Eastland 2022, no pet.); *Stroble v. Livingston*, No. 11-16-00005-CV, 2016 WL 4574927, at *2 (Tex. App.—Eastland Aug. 25, 2016, no pet.) (mem. op.) ("[W]e hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure.").

If a party fails to adequately brief an issue, as Appellant has in this case, he waives that issue on appeal. *Washington v. Bank of New York*, 362 S.W.3d 853, 854–55 (Tex. App.—Dallas 2012, no pet.); *Flores v. United Freedom Assoc., Inc.*, 314 S.W.3d 113, 114 (Tex. App.—El Paso 2010, no pet.).

Because Appellant has failed to file a brief in accordance with Rule 38.1 as to all issues he has raised, he presents nothing for review. Accordingly, because the assignment of any error herein has been waived by Appellant, we affirm the order of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

November 15, 2024

Panel consists of: Trotter, J.,
Williams, J., and Wright, S.C.J.[1]

Bailey, C.J., not participating

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.