ACCEPTED
03-14-00505-CV
6912674
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/14/2015 2:43:44 PM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-15-00505-CV

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/14/2015 2:43:44 PM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN DIVISION

_____

| | |
|---|---|
| JERRY HOFROCK | § |
| | § |
| v. | § |
| | § |
| JUDY HORNSBY | § |

_____

APPELLEE'S BRIEF

_____

Justin Bradford Smith
Texas Bar No. 24072348
Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email:  justin@templelawoffice.com

ATTORNEY FOR APPELLEE

ORAL ARGUMENT NOT REQUESTED

1

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**

Jerry Hofrock

**Appellant's Counsel**

*Pro Se*
1601 Eagle Wing
Cedar Park, Texas 78613
Email:  notebanker@gmail.com

**Appellant's Trial Counsel**

Leonard Green
Green & Green
4408 Spicewood Springs Road
Austin, Texas 78759
Tel:  512-338-1745
Fax:  512-233-2907
Email:  lgreen2@austin.rr.com

**Appellee**

Judy Hornsby

**Appellee's Trial Counsel**

Mike Russell
Eric Stoebner
Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
Fax: (254) 771-2082
Email: mike@templelawoffice.com
eric@templelawoffice.com

**Appellee's Appellate Counsel**

Justin Bradford Smith
Harrell, Stoebner, & Russell, P.C.
Address, Phone, and Fax Same As Above
Email:  justin@templelawoffice.com

# TABLE OF CONTENTS

Identity of Parties and Counsel……………………..……………………….…….... 2

Table of Contents……………………………………………………………..3-6

Index of Authorities……………………………………………………7-12

Statement of the Case……………………………………………………….13

Issues Presented……………………..……...…………………….…………..13-14

    REPLY TO ISSUE ONE:  The doctrine of ineffective assistance of counsel does not apply to an ordinary civil suit, a claim to extend the doctrine to this type of suit is not preserved for appellate review, and even if the doctrine applies, the record fails to show that Appellant received ineffective assistance of counsel…………………………………………………….13

    REPLY TO ISSUE TWO: Appellant's hearing impairment claim is not preserved, but even if it is, Appellant was not harmed nor were his constitutional or statutory rights violated………………………………..13

    REPLY TO ISSUE THREE:  Two of Appellant's arguments against the award of attorney's fees are not preserved for appellate review nor would they survive on the merits; and the other argument fails because, if Appellant is claiming the portion of the judgment awarding attorney's fees is void for granting relief not pled, Appellee did not need to plead for attorney's fees that are mandated by statute, while, if there is a pleadings defect, it was cured when the issue was tried by consent……………………………..13-14

Statement of Facts……………………………………………..…………………14-20

Preliminary Statement…………………………………………………………20-22

Summary of the Argument………………………………………………...22-23

    REPLY TO ISSUE ONE:  The doctrine of ineffective assistance of counsel does not apply to an ordinary civil suit, a claim to extend the doctrine to this type of suit is not preserved for appellate review, and even if the doctrine applies, the record fails to show that Appellant received ineffective

assistance of counsel…………………………………………………………………22

Argument……………………………………………………………….......23-31

Law and Analysis…..…………………………………………………………23-31

    1. Appellant is not entitled to effective assistance of counsel in a
       run-of-the-mill civil lawsuit………………………………………...23-24

    2. Appellant did not preserve a claim that the doctrine of
       ineffective assistance of counsel should be extended to his case…...24

    3. In any event, Appellant did not receive ineffective assistance
       of counsel…………………………………………………………...25-31

Conclusion………………………………………………………………...31

Summary of the Argument………………………….………………...31-33

    REPLY TO ISSUE TWO: Appellant's hearing impairment claim is not
    preserved, but even if it is, Appellant was not harmed nor were his
    constitutional or statutory rights violated………………………………..31

Argument………………………………………………………………….......33-43

Law and Application……………………………………………………..33-43

    1. Appellant's claim is not preserved for review…………………...33-35

    2. Even if preserved, the record does not show harm or a
       violation of Appellant's constitutional or statutory rights……….35-43

       A. Appellant was not harmed……………………………...35-37

       B. Appellant was not deprived of his property without due
          course of law……………………………………............37-41

          (1) Procedural Due Course of Law……………………38-39

          (2) Substantive Due Course of Law……………………39-41

C. The Americans with Disabilities Act cannot provide Appellant relief in this case, and even if it could, there was no failure to effect a reasonable modification of its procedures………..41-43

Conclusion……………………………………………………………………...43

Summary of the Argument…………………………...……………………...43-45

REPLY TO ISSUE THREE:  Two of Appellant's arguments against the award of attorney's fees are not preserved for appellate review nor would they survive on the merits; and the other argument fails because, if Appellant is claiming the portion of the judgment awarding attorney's fees is void for granting relief not pled, Appellee did not need to plead for attorney's fees that are mandated by statute, while, if there is a pleadings defect, it was cured when the issue was tried by consent……………………………..43-44

Argument…………………………………………………………………45-59

Standard of Review……………………………...…………………………….45

Law and Application……………………….…….…..…………………...45-59

1. Two of Appellant's arguments were not preserved for appeal because they differ from the arguments made to the trial court…47-48

2. Even if preserved, the arguments fail because this was a transaction covered by the statute, and Appellee obviously suffered harm….48-50

3. Appellant's argument that Appellee did not plead for attorney's fees under Section 27.01 of the Texas Business and Commerce Code is inadequately briefed, and should be overruled:  this Court should not make Appellant's arguments for him…………………………50-52

4. A party need not plead for attorney's fees under Section 27.01 of the Texas Business and Commerce Code because an award of attorney's fees is mandatory under the statute…………………………….52-53

5. The portion of the judgment awarding attorney's fees under Section 27.01 of the Texas Business and Commerce Code is not void because, although unpleaded, the issue was tried by consent……………..53-59

Conclusion………………………………………………………………………..59

Prayer……………………………………………………………………..........59

Certificate of Compliance…………………………………………………………...60

Certificate of Service………………………………………………………………...61

# INDEX OF AUTHORITIES

**United States Supreme Court:**

*Fuentes v. Shevin*, 407 U.S. 67 (1972)………………………………………………39

*Mathews v. Eldridge*, 424 U.S. 319 (1976)……………………………………….24

*Strickland v. Washington*, 466 U.S. 668 (1984)........................................25, 29, n. 5

*Turner v. Rogers*, 131 S. Ct. 2507, 180 L. Ed. 2d 452 (U.S.S.C. 2011)………….24

**Texas Supreme Court:**

*Bocquet v. Herring*, 972 S.W.2d 19
    (Tex. 1998)……………………………………………………………………52

*City of Arlington v. State Farm Lloyds*, 145 S.W.3d 165
    (Tex.2004)…………………………………………………………………….36, n. 9

*Eggemeyer v. Eggemeyer*, 554 S.W.2d 137
    (Tex. 1977)……………………………………………………………………38

*Ex parte Barnett*, 600 S.W.2d 252
    (Tex. 1980)…………………………………………………………………..38, n. 11

*Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91
    (Tex. 1999)……………………………………………………………………45

*Ingram v. Deere*, 288 S.W.3d 886
    (Tex. 2009)……………………………………………………………………55, 59, n. 18

*In re:  J.O.A.*, 283 S.W.3d 336
    (Tex. 2009)……………………………………………………………………25, n. 4

*In re M.S.*, 115 S.W.3d 534
    (Tex. 2003)…………………………………………………………………..23, 25

*Kubena v. Hatch*, 144 Tex. 627, 193 S.W.2d 175
    (1946)………………………………………………………………………..46, 53

*Land Title Co. of Dallas, Inc. v. F. M. Stigler, Inc.*, 609 S.W.2d 754
(Tex. 1980)………………………………………………………………53

*Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492
(Tex.1991)…………………………………………………….54, 57, 59

*S. Sur. Co. v. Texas Oil Clearing House*, 281 S.W. 1045
(Tex. Comm'n App. 1926, jdgmt adopted)…………………….…38, n. 11

*Stoner v. Thompson*, 578 S.W.2d 679
(Tex. 1979)…………………………………………………..46, 53

*Univ. of Texas Med. Sch. at Houston v. Than*, 901 S.W.2d 926
(Tex. 1995)…………………………………………………..38, n. 12

**Court of Criminal Appeals:**

*Castillo v. State*, 810 S.W.2d 180
(Tex. Crim. App. 1990)……………………………………..20-21, 36, n. 9

*Lopez v. State*, 343 S.W.3d 137
(Tex. Crim. App. 2011)……………………………………………….27

*Robinson v. State*, 16 S.W.3d 808
(Tex. Crim. App. 2000)……………………………………………….25

*Thompson v. State*, 9 S.W.3d 808
(Tex. Crim. App. 1999)……………………………………………29-31

**Texas Courts of Appeals:**

*Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877
(Tex. App.—Dallas 2009, no pet.)………………………………………45

*Arellano v. Magana*, 315 S.W.3d 576
(Tex. App.—El Paso 2010, no pet.)………………………………….50-51

*Brennan v. State*, 334 S.W.3d 64
(Tex. App.—Dallas 2009, no pet.)………………………………………27

*Byers v. Patterson*, 219 S.W.3d 514
(Tex.App.—Tyler 2007, no pet.)……………………………………….39-40

*Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337
(Tex. App.—Houston [14th Dist.] 2003, no pet.)………………………….24

*City of The Colony v. N. Texas Mun. Water Dist.*, 272 S.W.3d 699
(Tex. App.—Fort Worth 2008, pet. dism'd)……………...54-55, 57-59, n. 18

*Clawson v. Crosby Indep. Sch. Dist.*, No. 14-11-00532-CV, 2012 WL 4757927
(Tex. App.—Houston [14th Dist.] Oct. 4, 2012, no pet.)
(mem. op.)......................................................................34, n. 7

*Cohen v. City of Houston*, 185 S.W.2d 450
(Tex. Civ. App.—Galveston 1945, no writ)………………………………..39

*Compass Bank v. Nacim*, 459 S.W.3d 95
(Tex. App.—El Paso 2015, no pet.)………………………………………52-53

*Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75
(Tex.App.–Texarkana 2008, pet. denied)………….21-22, 36, 41-42, 46, n. 9

*Culver v. Culver*, 360 S.W.3d 526
(Tex. App.—Texarkana 2011, no pet.)………………………………23-24

*Ex parte Ullmann*, 616 S.W.2d 278
(Tex. Civ. App.—San Antonio 1981, writ dism'd)……………………23-24

*Ferguson v. DRG/Colony N., Ltd.*, 764 S.W.2d 874
(Tex. App.—Austin 1989, writ denied)………………………………..46, 53

*Hampden Corp. v. Remark, Inc.*, 331 S.W.3d 489
(Tex. App.—Dallas 2010, pet. denied)…………………..54-55, 57, 59, n. 18

*Harris County Mun. Util. Dist. No. 48 v. Mitchell*, 915 S.W.2d 859
(Tex. App.—Houston [1st Dist.] 1995)………………………...21, 36, n. 9

*Jay Fikes & Associates v. Walton*, 578 S.W.2d 885
(Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.)………………………...57

*Jistel v. Tiffany Trail Owners Ass'n, Inc.*, 215 S.W.3d 474
(Tex. App.—Eastland 2006, no pet.)……………………………………...48-49

*McCoy v. Texas Instruments, Inc.*, 183 S.W.3d 548
(Tex. App.—Dallas 2006, no pet.)……………………………………….24

*MJR Fin., Inc. v. Marshall*, 840 S.W.2d 5
(Tex. App.—Dallas 1992, no writ)……………………………………..38-39

*Flores v. United Freedom Associates, Inc.*, 314 S.W.3d 113
(Tex. App.—El Paso 2010, no pet.)………………………………21, 36, n. 9

*McVeigh v. Lerner*, 849 S.W.2d 911
(Tex. App.—Houston [1st Dist.] 1993)………………………………….41

*Paselk v. Rabun*, 293 S.W.3d 600
(Tex. App.—Texarkana 2009, pet. struck)……………………………..50-51

*Rich v. Olah*, 274 S.W.3d 878
(Tex. App.—Dallas 2008, no pet.)……………………………………….21

*State for Prot. of Cockerham v. Cockerham*, 218 S.W.3d 298
(Tex. App.—Texarkana 2007, no pet.)…………………………….54, 57, 59

*Stokes v. Puckett*, 972 S.W.2d 921
(Tex. App.—Beaumont 1998, pet. denied)……………………………...23

*Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676
(Tex. App.—Dallas 2004, pet. denied)……………………………….36, n. 9

*State v. Estate of Brown*, 802 S.W.2d 898
(Tex. App.—San Antonio 1991, no writ)………………………………52-53

*Summit Mach. Tool Mfg. Corp. v. Great N. Ins. Co.,* 997 S.W.2d 840
(Tex. App.—Austin 1999, no pet.)……………………………………..35, 48

*Wohlfahrt v. Holloway*, 172 S.W.3d 630
(Tex. App.—Houston [14th Dist.] 2005, pet. struck)…………………..35, 47

## Constitutions/Statutes/Regulations/Rules

Tex. Const. art. I, § 19……………………………………………………………38-39

Tex. Const. art. V, § 8………………………………………………………..39

Tex. Gov't Code § 27.001…………………………………………………...39

28 C.F.R. § 35.130(b)(7)…………………………………………………43

Tex. Bus. & Com. Code § 27.01(a)(1)…………………………………….47, 52-53

Tex. R. Civ. P. 13……………………………………………………………24

Tex. R. Civ. P. 67…………………………………………………………..54, 59

Tex. R. Civ. P. 301…………………………………………………………46, 53

Tex. R. App. P. 33.1(a)……………………………………………..24, 34-35, 48

Tex. R. App. P. 33.1(d)……………………………………………..48, n. 17

Tex. R. App. P. 44.1(a)………………………………………………………37

Tex. R. Evid. 103(a)(2)………………………………………………………28

Tex. R. Evid. 401……………………………………………………………30

Tex. R. Evid. 402……………………………………………………………30

Tex. R. Evid. 702……………………………………………………………28

## Other Jurisdictions

*Zumberge v. State*, 236 P.3d 1028
(Wyo. 2010)……………………………………………………..35, 37, 43

## Other Sources

G.K. Chesterton, "The Twelve Men", from *Tremendous Trifles*, 1909, available here: [http://www.chesterton.org/twelve-men/](http://www.chesterton.org/twelve-men/) (accessed September 8, 2015)………………………………………………………………………...28

## STATEMENT OF THE CASE

Nature of the Case:      This is a suit by Appellee mainly to rescind the documents effecting a real estate transaction, and to remove cloud on title to certain land. (I C.R. at 52-54; 136-137).

Judge/Court:      Judge Gordon Adams, 169th District Court, Bell County. (I C.R. at 136-137).

Trial Court Disposition:      Following a bench trial, the trial court rendered judgment for Appellee, ordering the rescission and cancellation of all relevant documents and awarding Appellee attorney's fees. (I C.R. at 136-137).

## REPLY TO THE ISSUES PRESENTED

REPLY TO ISSUE ONE: The doctrine of ineffective assistance of counsel does not apply to an ordinary civil suit, a claim to extend the doctrine to this type of suit is not preserved for appellate review, and even if the doctrine applies, the record fails to show that Appellant received ineffective assistance of counsel.

REPLY TO ISSUE TWO: Appellant's hearing impairment claim is not preserved, but even if it is, Appellant was not harmed nor were his constitutional or statutory rights violated.

REPLY TO ISSUE THREE: Two of Appellant's arguments against the award of attorney's fees are not preserved for appellate review nor would they survive on the merits; and the other argument fails because, if Appellant is claiming the portion of the judgment awarding attorney's fees is void for granting relief not pled, Appellee did not need to plead for attorney's fees that are mandated

13

by statute, while, if there is a pleadings defect, it was cured when the issue was tried by consent.

## STATEMENT OF FACTS[1]

Appellee owned two contiguous tracts of roughly five acres each: an improved tract encumbered by a mortgage, and an unimproved tract owned free and clear. (II R.R. at 18-22; 76; 85; 105; 107; 151) (Plaintiff's Ex. 1 and 1A). In 2006 or 2008, having difficulty maintaining the house and paying the mortgage, she sought Appellant's help in disposing of the improved tract, but did not use his services at that time. (II R.R. at 24-26). Instead, she leased the home to renters who caused roughly $15,000 in damage during their stay. (II R.R. at 27-29).

In 2009 she again sought Appellant's help in selling the property. (II R.R. at 30-31). Appellant viewed the property, represented that he was a "broker and a banker and had dealt with real estate in the past," and said he could sell it. (II R.R. at 31-32). They agreed Appellant would auction off the improved tract and take his commission from the proceeds that exceeded the amount owed to the bank. (II R.R. at 32-33; 76; 79). Selling the unimproved tract would be a bonus, but not part of Appellant's commission: any such proceeds would go to Appellee. (II R.R. at 33-34; 85).

---

[1] Because Appellant does not challenge the sufficiency of the evidence (except, perhaps, under one construction of part of his third issue), Appellee recites only enough of the facts so the Court can understand the basis of the lawsuit; details supporting Appellee's causes of action, instances of conflicting testimony, and so forth, are not and need not be mentioned.

Ostensibly to effect this arrangement, Appellant required Appellee to meet him in Austin to execute some documents so "he could do the negotiations at the sale at the auction, and [Appellee] would not have to fly back in when [the property] sold." (II R.R. at 35-36). Appellant brought only five pieces of paper, did not explain them, and indicated he could not help Appellee, a person unsophisticated in real estate transactions, if she sought the advice of counsel. (II R.R. at 23-24; 36-37; 70-71; 84; 86). These documents, it turned out, transferred both the improved and the unimproved tracts to Appellant without him paying the purchase price of $348,750 and without him delivering a promissory note. (II R.R. at 40) (Plaintiff's Ex. 6 and 7) (Defendant's Ex. 2, 3, and 4).

Appellee did not discover what had happened until later when she attempted to sell the unimproved tract and learned there was a cloud on the title. (II R.R. at 49-50) (Plaintiff's Ex. 3). As a result, she could not sell the unimproved tract. (II R.R. at 50). The improved tract was never sold, so the mortgage company foreclosed. (II R.R. at 51) (Plaintiff's Ex. 13). Prior to the foreclosure, Appellant apparently expended money to cure the damage caused by the renters; however, Appellee disputed the amount of work actually performed. (Defendant's Ex. 6 and 8) (II R.R. at 160-162).

Appellee sued Appellant alleging various causes of action (including fraud), seeking (among other things) to rescind the documents effecting the real estate

transaction, and to remove the cloud on her title. (I C.R. at 6-31 (Original Petition); 49-78 (First Amended Petition)). She pled fraud and fraud by non-disclosure, and elsewhere in her pleadings asked for attorney's fees under a section of the Civil Practice and Remedies Code, but did not request attorney's fees in her pleadings under Section 27.01 of the Texas Business and Commerce Code. (I C.R. at 52-54). Appellant filed a *pro se* general denial, and his counsel also filed a general denial. (I C.R. at 35; 37-38).

The case proceeded to trial, and before evidence was presented Appellant's trial counsel informed the court that Appellant had a "little bit" of a hearing impairment, stating:

"Your Honor, I just want to make you aware of one thing. Mr. Hofrock, he hears me. He has a little bit of a difficulty. If we're whispering loudly, I apologize to the Court. It's a matter of difficulty of communication."

(II R.R. at 14).

The court responded:

"That's fine. That's fine. If he can't hear me or if he can't hear a witness, if you-all will wave at me or something, I'll try to get everybody to speak up. I can turn the microphones up somewhat and that may help just a little bit."

(II R.R. at 14).

Then, as Appellee took the stand the trial court admonished her that she was "going to have to speak up. So use that microphone and try to stay four or five inches away from it. Otherwise we're probably going to have to repeat a lot of

16

things." (II R.R. at 15). During trial, only a handful of times did Appellant seem unable to hear questions asked of him, and each time save one the questions were repeated so that Appellant was able to answer. (II R.R. at 103 (possibly); 109; 112 (possibly); 113 (possibly); 117 (possibly); 119; 128; 130; 139; 144 (possibly)).[2] The other time his attorney's objection to a question was sustained, so Appellant did not have to answer. (II R.R. at 128). At no time did he indicate he did not hear Appellee's testimony, or any statements by the attorneys or the court.

Appellant's attorney cross-examined Appellee at length. (II R.R. at 60-79; 85-87). During Appellant's testimony, his trial counsel elicited Appellant's theory of the case: that Appellee knew there was never supposed to be consideration paid for the property, and that Appellant would attempt to negotiate a short sale of the property while receiving the proceeds from the unimproved tract as his fee. (II R.R. at 139-140; 147-149). To show this was in fact a short sale transaction that required Appellant to repair the property to make it saleable, his attorney offered evidence of Appellant's expenditures, all of which was admitted over objection except for some estimates—these apparently were not admitted because Appellant had not shown he paid that money, rather than because they were not in an

---

[2] Sometimes Appellant asked (or perhaps began to ask) for a question to be repeated, but did not state that it was because he could not hear. For such instances, it is possible he needed the question repeated because he could not hear, but it is also possible he did not understand the question. Such instances contain the annotation "possibly" to indicate the ambiguity.

admissible format. (II R.R. at 140-147) (Defendant's Ex. 6, 7 (not admitted), 8, and 9).

Appellant was also able to articulate his understanding of the transaction while being examined by Appellee's attorney. (I R.R. at 104-105; 110-111). He was able to dispute Appellee's allegations that Appellant brought only five pages for her to sign, that he in effect discouraged her from seeing an attorney, and that he explained nothing to her. (II R.R. at 108-109). He was able to testify that it was his "understanding" that the "seller deeds the property to me, which allows me to go forward with different ways of selling it, one of which is a short sale." (II R.R. at 104). He testified to what he claimed would be the source of his compensation, and articulated a reason that he received both tracts: the seller cannot profit from the short sale, and he would not have otherwise "front-end[ed] the money that that property required in order to be in saleable condition." (II R.R. at 104-106; 110). He was able to explain why the real estate documents he drafted contained language that was not observed, such as the promissory note. (II R.R. at 115-116; 121; 126). He was able to testify that, while he did not pay the earnest money in the contract, he "paid it on [Appellee's] behalf" in the form of bills. (II R.R. at 121). In short, Appellant was able to present his case to the bench.

When Appellee began to offer evidence of attorney's fees, the trial court stated, "So it's your position that you're entitled to attorney's fees on a breach of

fiduciary duty and fraud." (II R.R. at 164). Appellee's counsel responded, "Yes, that's correct, under Business and Commerce Code Section – I think it's 2701 [sic]." (II R.R. at 164). Appellant's attorney made no objection that this was outside the scope of the pleadings, even though earlier in the trial he objected to an allegation that the description of the property in the deed was defective because it was "outside the pleadings". (II R.R. at 113-114; 163-167).

After the close of the evidence the trial court requested closing arguments in the form of written briefs. (II R.R. at 168-171). The court emphasized that if Appellee thought she was entitled to attorney's fees, she had better include argument on the issue because the court was of the opinion that attorney's fees were not recoverable for "breach of fiduciary duty or fraud…unless you could connect it up to breach of contract or something". (II R.R. at 171). Prior to those comments, Appellant's counsel stated that "if there's something [in Appellee's post-trial brief] that startles us, I think it might be fair to request an opportunity and explain to the Court why we would like maybe two days to respond". (II R.R. at 169).

Appellee's written closing argument directed the court's attention to Section 27.01 of the Texas Business and Commerce Code as the basis for her entitlement to attorney's fees. (I C.R. at 94). Rather than argue Appellee could not recover attorney's fees under that statute because Appellee did not plead for that relief,

Appellant engaged the issue on the merits in his written closing argument. (I C.R. at 88-90). He argued that Appellee had not proven fraud in a real estate transaction, not that she had not pled fraud in a real estate transaction. (I C.R. at 88-90). His closing argument otherwise outlined his theory of the case, drew the court's attention to the "two important factual disputes that the Court must resolve", and discussed evidence while explaining why the court should rule for Appellant. (II R.R. at 83-91). In Appellee's rebuttal, she again stated she was entitled to attorney's fees, (II R.R. at 80), and Appellant did not claim he was "startled" (II R.R. at 169) or request leave to respond to this argument, nor did he file an additional response.

The court ruled in Appellee's favor, and, noting that Appellee "requested reasonable attorney fees under Section 27.01 of the Texas Business and Commerce Code", awarded Appellee such fees after finding that Appellant "committed fraud in a real estate transaction". (I C.R. at 136-137).

**PRELIMINARY STATEMENT**

The leitmotifs of this brief could be that Appellant has presented issues, some of which are multifarious, that are inadequately briefed and unpreserved for appellate review. It is within the Court's discretion to overrule any or all of Appellant's issues on these grounds, as appropriate. *Castillo v. State*, 810 S.W.2d 180, 182 (Tex. Crim. App. 1990) ("However, because appellants do not direct us to

any place in the record where this argument was made to the trial court, we consider the argument inadequately briefed and will not address it."); *Flores v. United Freedom Associates, Inc.*, 314 S.W.3d 113, 116 (Tex. App.—El Paso 2010, no pet.) (overruling complaints as inadequately briefed where the brief contained no citation to the record or authority, and supplemental brief contained one citation to authority with no discussion of the authority or an application of it the facts of the instant case); *Harris County Mun. Util. Dist. No. 48 v. Mitchell*, 915 S.W.2d 859, 866 (Tex. App.—Houston [1st Dist.] 1995) ("Although appellate courts generally construe the briefing rules liberally, points of error unsupported by the citation of authority present nothing for the court to review."); *Rich v. Olah*, 274 S.W.3d 878, 885 (Tex. App.—Dallas 2008, no pet.) ("A point of error is multifarious when it generally attacks the trial court's order with numerous argument…We may disregard any assignment of error that is multifarious...Alternatively, we may consider a multifarious issue if we can determine, with reasonable certainty, the error about which complaint is made.") (citations omitted); Tex. R. App. P. 38.1; *but see Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 78 (Tex. App.–Texarkana 2008, pet. denied) ("We review and evaluate pro se pleadings with liberality and patience...."). However, should the Court decide to address the issues on their merits, Appellee presents a more or less complete discussion of them—hence the length of this brief. Moreover, Appellee

seeks to treat Appellant's arguments with respect, especially as he is proceeding *pro se*. *Corona*, 245 S.W.3d at 78. Finally, it should be noted that the original reporter's record filed with the Court did not contain page numbers beyond the initial page, so Appellee does not ask this Court to decide Appellant's briefing is inadequate for failing to cite to the reporter's record—although Appellant could have directed the court reporter's attention to the error, as Appellee did, so she could correct it.

## SUMMARY OF THE ARGUMENT

REPLY TO ISSUE ONE: The doctrine of ineffective assistance of counsel does not apply to an ordinary civil suit, a claim to extend the doctrine to this type of suit is not preserved for appellate review, and even if the doctrine applies, the record fails to show that Appellant received ineffective assistance of counsel.

The right to effective assistance of counsel primarily applies to criminal cases, though it has been extended to civil cases when the termination of a party's parental rights is at issue or a person is subject to involuntary civil commitment proceedings. Beyond that, the right does not apply to ordinary civil suits, and several courts have refused to extend the right to such suits.

While Appellant is entitled to make a good faith argument for the extension, modification, or reversal of existing law, he did not make such an argument below, so he may not do so here.

22

Even if his claim did apply and could be raised here, none of the deficiencies Appellant alleges show his counsel was ineffective.

## ARGUMENT

**Law and Analysis[3]**

### 1. Appellant is not entitled to effective assistance of counsel in a run-of-the-mill civil lawsuit

Appellant assumes the right to effective assistance of counsel applies to an ordinary civil suit. However, "[n]either the Texas nor United States Constitution guarantees a right to counsel in a civil suit", *Stokes v. Puckett*, 972 S.W.2d 921, 927 (Tex. App.—Beaumont 1998, pet. denied), and neither is there a right to effective assistance of counsel "where there is no constitutional or statutory right to counsel." *Culver v. Culver*, 360 S.W.3d 526, 535 (Tex. App.—Texarkana 2011, no pet.). With limited exceptions, while "the Sixth Amendment right to effective assistance of counsel is clearly recognized in criminal proceedings, it has not been extended to civil actions." *Stokes*, 972 S.W.2d at 927.

Those exceptions include parental-rights termination cases and involuntary civil commitment proceedings. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (termination of parental rights); *Ex parte Ullmann*, 616 S.W.2d 278, 283 (Tex. Civ. App.—San Antonio 1981, writ dism'd) (involuntary civil commitment

---

[3] Appellee will state the standard for evaluating claims of ineffective assistance below when disposing of Appellant's claim on the merits.

proceedings).  The right has not been extended to personal injury suits, claims stemming from an alleged wrongful termination, and protective order proceedings, among others.  *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 343 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (personal injury); *McCoy v. Texas Instruments, Inc.*, 183 S.W.3d 548, 553 (Tex. App.—Dallas 2006, no pet.) (race discrimination, retaliation, and slander brought after layoff in company-wide reduction in force); *Culver*, 360 S.W.3d at 535 (protective order).  Appellant does not present a compelling reason to extend the right here.  *See Culver*, 360 S.W.3d at n. 17 (noting the test to be applied to determine when, in a civil case, the right to counsel exists under the Due Process Clause); *Turner v. Rogers*, 131 S. Ct. 2507, 2517, 180 L. Ed. 2d 452 (U.S.S.C. 2011) (noting "distinct factors" to apply to determine "whether the 'specific dictates of due process' require appointed counsel" in a civil proceeding) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).  Appellant's claim fails on this ground.

**2. Appellant did not preserve a claim that the doctrine of ineffective assistance of counsel should be extended to his case**

Now, Appellant is entitled to plead a "good faith argument for the extension, modification, or reversal of existing law."  Tex. R. Civ. P. 13.  However, at no point did he claim before the trial court that his counsel was ineffective, or that he is or should be entitled to effective counsel whom he has retained.  Appellant's first issue is waived.  Tex. R. App. P. 33.1(a).

24

## 3. In any event, Appellant did not receive ineffective assistance of counsel

Finally, even if Appellant were entitled to effective counsel and could argue his counsel was ineffective for the first time on appeal,[4] he did not receive ineffective assistance of counsel. "Under the well-established *Strickland*[5] test, proving ineffective assistance of counsel requires a showing that (1) counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense, which 'requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006) (quoting *In re M.S.*, 115 S.W.3d 534, 544-545 (Tex. 2003).

The first prong requires the Appellant to show that his attorney's conduct fell below an "objective standard of reasonableness": that it was "so outrageous that no competent attorney would have engaged in it." *In re: L.C.W.*, 411 S.W.3d 116, 127 (Tex. App.—El Paso 2013, no pet.). The second prong requires the Appellant to show that there is a "reasonable probability that but for his attorney's deficient performance, the outcome of his case would have been different." *Id.*

---

[4] Where the right to effective assistance of counsel does apply, it may be made for the first time on appeal. *See, e.g., Robinson v. State*, 16 S.W.3d 808, 809-813 (Tex. Crim. App. 2000); *In re: J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009) (termination of parental rights). Here, however, Appellant is not entitled to invoke the doctrine of ineffective assistance of counsel for the first time on appeal where that doctrine does not already apply. Still, in the interest of fairness to him, Appellee will address the argument briefly.

[5] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"Reasonable probability is that which is sufficient to undermine confidence in the outcome." *Id*. (quotations omitted).

Appellate courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and was motivated by sound trial strategy." *Id*. A record that is silent as to trial counsel's reasons for acting or not acting will not generally show ineffective assistance of counsel because such a claim must be "firmly found in the record", which "must affirmatively show the alleged ineffectiveness." *Id*.

Applying these standards to Appellant's trial counsel's alleged deficiencies easily shows that Appellant did not receive ineffective assistance of counsel, even if he was entitled to it.

Appellant raises a number of alleged deficiencies in his trial counsel's performance:

1) The failure to bring various counterclaims (Appellant's Brief, Page 4);

2) The failure to raise affirmative defenses (Appellant's Brief, Pages 4 and 5);

3) The failure to offer expert witness testimony (Appellant's Brief, Page 4);

4) The failure to support "Exhibit D" with a business records affidavit, and to make an offer of proof related to it (Appellant's Brief, Page 5);

5) The failure to prepare Appellant for trial (Appellant's Brief, Page 5); and

6) The failure to have Appellant submit all his expenditures (Appellant's Brief, Page 5).

The record, however, is silent as to what Appellant's trial counsel's strategy was for acting or failing to act. Absent direct evidence of trial counsel's strategy, the reviewing court "assume[s] that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). This indulgence considers the "totality of the representation and the circumstances of each case without the benefit of hindsight", remaining mindful that "[w]hile a single error will not typically result in a finding of ineffective assistance of counsel, an egregious error" may. *Id.*

Here, we can easily imagine a sound strategy for failing to bring counterclaims and raise affirmative defenses: perhaps they had no merit. *See Brennan v. State*, 334 S.W.3d 64, 74 (Tex. App.—Dallas 2009, no pet.) ("it is not ineffective assistance for counsel to forego making frivolous arguments and objections").

As for failing to proffer expert witness testimony, such testimony is neither required in this case nor talismanic in any case—especially not in one tried to the bench rather than a jury, because the judge, who has heard it all before, is less likely to be dazzled by credentials, which otherwise might be a "horrible thing",

but in this case is a good thing. Tex. R. Evid. 702 (expert testimony only admissible if the expert is qualified and his testimony "will help the trier of fact to understand the evidence or to determine a fact in issue."); G.K. Chesterton, "The Twelve Men", from *Tremendous Trifles*, 1909, available here: http://www.chesterton.org/twelve-men/ (accessed September 8, 2015) ("And the horrible thing about all legal officials, even the best, about all judges, magistrates, barristers, detectives, and policemen, is not that they are wicked (some of them are good), not that they are stupid (several of them are quite intelligent), it is simply that they have got used to it.").

As for "Exhibit D", Appellant must mean Exhibit 7, which, unlike the rest of his evidence, was offered but not admitted. (II R.R. at 69-70; 77; 143-147). Appellant complains these documents were not "properly presented", and that there "was no offer of proof nor was there a business records affidavit." Appellant's Brief, Page 4. First, the exhibit appears in the record, so there was, in effect, an offer of proof even though Appellant's attorney made no formal offer. (Defendant's Exhibit 7; II R.R. at 145-146); Tex. R. Evid. 103(a)(2). Second, the trial court did not exclude this exhibit because it was hearsay, but rather, because it was an estimate of money that Appellant may (or may not) have expended, rather than an invoice showing the amount he did spend on renovating the property.[6] (II

---

[6] Perhaps making the evidence irrelevant—the trial judge did not disclose his thinking.

28

R.R. at 145-146).  It is not apparent that this exhibit would have been admitted even if supported with a business records affidavit; nor, even if his counsel erred in not presenting this evidence in admissible format, does Appellant show how the result of this trial would likely have been different had this exhibit been admitted. *Strickland*, 466 U.S. at 693–94.

Appellant alleges his attorney rendered ineffective assistance by failing to prepare him for trial.  This assertion finds no support in the record, so it must fail. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) ("Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.").  It is noteworthy that Appellant testified at length during trial, and he points to no place in his testimony where any alleged lack of "woodshedding" caused him to testify untruthfully or indistinctly.  (II R.R. at 89-159).  While Appellant left the stand protesting that he had "more to say", (II R.R. at 159), he has not shown us what that "more" was, nor whether it would have likely changed the outcome.  *Thompson*, 9 S.W.3d at 813 ("Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective.").  And whether he had more to say or not, Appellant acknowledges his attorney "clearly narrate[d] the truth of the transaction", Appellant's Brief, Page 3, making it difficult to understand how his counsel's performance, however deficient, could have harmed Appellant.  If there is

something in that accurate narration that his attorney failed to support with evidence, Appellant has not shown us where the omission lies, much less whether the omission was curable. *Thompson*, 9 S.W.3d at 813. Instead, Appellant appears to have presented his case fully to the trial court. *See* Statement of Facts, pages 13-14, *supra*; (I C.R. at 83-91).

Finally, Appellant alleges his attorney rendered ineffective assistance because he failed to adduce all evidence of his expenditures regarding the subject property. Appellant's Brief, Page 5; *cf.* (II R.R. at 143-144) ("And this only covers part of the property, not all of it."; "That's 1,024. But I know I spent over three—more than 3,000 on just the pool."). Appellant made no claim for affirmative relief (which may not have had any merit), so these expenditures could not have aided him there—they would have been irrelevant. (I C.R. at 35; 37-38); Tex. R. Evid. 401-402. They might, however, have been relevant to support Appellant's argument that the transaction at issue was not fraudulent; rather, it was, according to Appellant, understood that Appellant would, among other things, expend money to bring the property into a saleable condition. (I C.R. at 83-84). On that theory—which was presented to the trial court ("The point is that…it establishes the transaction he's been describing. The short sale transaction where he has to come in, get the property into saleable condition in order for the takeout—closing to happen in a short sale.") (II R.R. at 142)—evidence of expenditures would have

been relevant. So, of course, Appellant's attorney offered such evidence, which the trial court admitted. (II R.R. at 143-147) (Defendant's Ex. 6, 8, and 9). Appellant's counsel presented Appellant's theory of the case to the court and supported it with evidence: Appellant does not explain how more evidence of expenditures would make his theory more believable to the court. *Thompson*, 9 S.W.3d at 813. Appellant's argument fails.

## Conclusion

The doctrine of ineffective assistance of counsel does not apply to an ordinary civil case, nor did Appellant argue in the trial court that the doctrine should be extended here. Even if the doctrine did apply, Appellant did not receive ineffective assistance of counsel. Appellant's first issue must be overruled.

## SUMMARY OF THE ARGUMENT

REPLY TO ISSUE TWO: Appellant's hearing impairment claim is not preserved, but even if it is, Appellant was not harmed nor were his constitutional or statutory rights violated.

Appellant's claim is not preserved for appellate review because he neither requested any relief from the trial court, nor (if we can somehow construe his attorney's disclosure of Appellant's alleged hearing impairment as a request) cited the relevant portions of the Texas Constitution or the Americans with Disabilities Act to the trial court, so his argument on appeal differs from that at trial.

31

Even if preserved, Appellant suffered no harm: each (infrequent) time the record shows he could not hear a question, the question was either repeated and he answered, or (in one instance) he did not have to answer because his attorney's objection was sustained. Because he told the questioner when he could not hear, it is reasonable to assume that he heard the rest of the proceedings without difficulty. And Appellant alleges, but does not disclose, what discrepancies he could not hear in Appellant's testimony and in the comments of her attorney, nor how the outcome would have been different had he been able to alert his attorney to those discrepancies. Appellant was able to testify and fully present his theory of the case, so the trial court had the evidence and arguments necessary to reach its decision.

Even if preserved, Appellant's due course of law claim must fail. If he is raising a procedural due course of law claim, he had his day in court because he received notice and an opportunity to be heard, introduced evidence, and received a judgment from a trial court having subject matter jurisdiction over the case and personal jurisdiction over the parties.

If Appellant is raising a substantive due process claim, it must fail because, even assuming this claim applies and that he could meet the rest of the test, Appellant cannot show the trial court, by expressing a willingness to accommodate

Appellant and by not taking an action that was not requested, exercised its governmental power arbitrarily.

Regarding Appellant's Americans with Disabilities Act claim, this too must fail because an ADA claim does not void a valid judgment, and such a claim must be pled as an affirmative defense, which Appellant did not do. Even on the merits the claim would fail because the trial court expressed a willingness to accommodate Appellant, and Appellant made no request for a specific modification of the trial court's procedures.

## ARGUMENT

### Law and Application

### 1. Appellant's claim is not preserved for review

To preserve a claim for appellate review, a party must generally comply with Texas Rule of Appellate Procedure 33.1. That rule requires the record to show that:

> "(1) the complaint was made to the trial court by a timely request, objection, or motion that:
>
> > (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
> >
> > (B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

33

(2) the trial court:

> (A) ruled on the request, objection, or motion, either expressly or implicitly; or

> (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal."

Tex. R. App. P. 33.1(a).

Appellant claims the trial court "ignored" his alleged[7] "hard of hearing disability", and argues this was a violation of both the Texas Constitution and the Americans with Disabilities Act. *See* Appellant's Brief, pages 1 and 6. However, Appellant never raised either claim in the trial court, so they are not preserved for review.

At the outset of trial, Appellant's attorney told the Court:

"Your Honor, I just want to make you aware of one thing. Mr. Hofrock, he hears me. He has a little bit of a difficulty. If we're whispering loudly, I apologize to the Court. It's a matter of difficulty of communication."

(II R.R. at 14).

First, neither Appellant nor his counsel made any request of the trial court whatsoever. Rather, Appellant's counsel simply made the trial court aware of Appellant's minor hearing problem,[8] and even then only by way of preemptive apology to the Court for any stage whispering at counsel table. (II R.R. at 14).

---

[7] *See Clawson v. Crosby Indep. Sch. Dist.*, No. 14-11-00532-CV, 2012 WL 4757927, at *3, n. 6 (Tex. App.—Houston [14th Dist.] Oct. 4, 2012, no pet.) (mem. op.) ("Clawson describes his hearing impairment in his briefs, but the record lacks any medical findings regarding the condition.").

[8] Appellant apparently has a "*little bit* of a difficulty" hearing. (II R.R. at 14) (emphasis added).

Having asked the trial court for nothing, Appellant cannot now complain that he received nothing. Tex. R. App. P. 33.1(a); *Zumberge v. State*, 236 P.3d 1028, 1032 (Wyo. 2010) ("Although the appellant complained on a few occasions to not being able to hear or understand certain testimony, at no time during the trial did he or defense counsel make a general complaint to the district court that he was unable to hear or that the amplified sound system was inadequate.").

Second, even if this could be construed as a request, neither Appellant nor his counsel referred to the Texas Constitution or the Americans with Disabilities Act. "To have preserved error, a party's argument on appeal must comport with its argument in the trial court." *Wohlfahrt v. Holloway*, 172 S.W.3d 630, 639-40 (Tex. App.—Houston [14th Dist.] 2005, pet. struck). Whatever Appellant's argument at trial could be construed as being, it is not the same as that Appellant now makes, so nothing is presented for review. *Summit Mach. Tool Mfg. Corp. v. Great N. Ins. Co.,* 997 S.W.2d 840, 849 (Tex. App.—Austin 1999, no pet.); Tex. R. App. P. 33.1(a).

## 2. Even if preserved, the record does not show harm or a violation of Appellant's constitutional or statutory rights

### A. Appellant was not harmed

The record discloses only a handful of instances where Appellant had difficulty hearing, with the first clear instance coming 109 pages into the trial. (II R.R. at 103 (possibly); 109; 112 (possibly); 113 (possibly); 117 (possibly); 119;

35

128; 130; 139; 144 (possibly)).[9]  In each instance save one, the question is repeated and Appellant answers it without difficulty.  (II R.R. at 109-110; 112-113; 117; 119-120; 130; 139; 144 (possibly)).  The one time he did not answer the question is the one time he did not have to, because the trial court sustained his attorney's objection to the question.  (II R.R. at 128).  Thus, even if Appellant had made a request of the trial court, and even if that request had been denied, there is no

---

[9] Appellant does not cite any pages where he could not hear, stating instead in footnote 1 on page 5 of his brief that he "refers to the transcript in its entirety to show Appellant could not properly hear."  Ordinarily, this might justify overruling Appellant's issue as inadequately briefed, notwithstanding Appellant proceeding *pro se*, *see Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677-78 (Tex. App.—Dallas 2004, pet. denied) (internal citations omitted) ("Initially, we must note that a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure…On appeal, as at trial, the pro se appellant must properly present its case.") and *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 78 (Tex. App.–Texarkana 2008, pet. denied) ("We review and evaluate pro se pleadings with liberality and patience...."), as a reference to the entire record seems to waive all issues except those arguing there is no evidence to support a finding. *See City of Arlington v. State Farm Lloyds*, 145 S.W.3d 165, 167-168 (Tex.2004).  Moreover, a brief is sufficient and does not waive an issue if it "contains all points of error relied upon, argument and authorities under each point of error, and all facts relied upon for the appeal with references to the pages in the record where those facts can be found." *Id.* at 167 (citation omitted).  Appellant's brief as a whole lacks citations to the reporter's record, and also is largely bereft of citations to authority, making his complaints inadequately briefed.  *See Castillo v. State*, 810 S.W.2d 180, 182 (Tex. Crim. App. 1990) ("However, because appellants do not direct us to any place in the record where this argument was made to the trial court, we consider the argument inadequately briefed and will not address it."); *Flores v. United Freedom Associates, Inc.*, 314 S.W.3d 113, 116 (Tex. App.—El Paso 2010, no pet.) (overruling complaints as inadequately briefed where the brief contained no citation to the record or authority, and supplemental brief contained one citation to authority with no discussion of the authority or an application of it the facts of the instant case); *Harris County Mun. Util. Dist. No. 48 v. Mitchell*, 915 S.W.2d 859, 866 (Tex. App.—Houston [1st Dist.] 1995) ("Although appellate courts generally construe the briefing rules liberally, points of error unsupported by the citation of authority present nothing for the court to review."); Tex. R. App. P. 38.1.  In Appellant's case, though, he can be excused for failing to cite to the reporter's record, since the original reporter's record available to him when he filed his brief contained no page numbers except for the first page of each volume.  However, under the authorities above, the Court could still overrule any issue not supported by citations to and application of authority.

harm:  whatever Appellant did not hear initially he heard eventually, and wherever he did not complain it is reasonable to conclude that he heard that part of the proceedings.  *Zumberge*, 236 P.3d at 1034 ("Furthermore, because the appellant expressed difficulty hearing at various times throughout the trial, it is reasonable to infer that he was able to hear during the remainder of the proceedings.").  If he "could not hear at times during the trial, he should have advised the court of such", as "[t]rial judges are not omniscient."  *Id*. at 1034 (internal quotation and citation omitted).  Finally, although Appellant alleges "many discrepancies" in Appellee's testimony and in her attorney's comments, he does not state what those discrepancies are nor why, because he was unable to "alert his attorney to the misrepresentations", this probably led to the trial court rendering an improper judgment.  Appellant's Brief, Page 6; Tex. R. App. P. 44.1(a).  Appellant testified at trial and fully presented his theory of the case to the trial court ("clearly narrat[ing] the truth of the transaction" in his Final Argument, according to Appellant, *see* Appellant's Brief, Page 3, and I C.R. at 83-91):  the trial court had all it needed to reach a decision.

Appellant has suffered no harm.

### B.  Appellant was not deprived of his property without due course of law

Article I, Section 19 of the Texas Constitution guards against the deprivation of "life, liberty, property, privileges or immunities" and the right to vote, without

37

due course of law. It is hard to understand how Appellant was deprived of his property[10] without due course of law—a claim he makes for the first time on appeal. *See* Tex. Const. art. I, § 19; Tex. R. App. 33.1 (general requirements for error preservation).[11]

"The due course that protects citizens requires not only procedural but also substantive due course." *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140 (Tex. 1977). Because Appellant does not tell us which due course of law claim he is making, Appellee will address both.

### (1) Procedural Due Course of Law

If Appellant is making a procedural due course of law (or due process)[12] claim, it must fail. "Fundamental to the concept of due process is the right to be heard." *MJR Fin., Inc. v. Marshall*, 840 S.W.2d 5, 10 (Tex. App.—Dallas 1992,

---

[10] Of the rights protected by this article of the Texas Constitution, it seems only the property right could be at play here. Appellant does not specify, however, that he was deprived of his property rights without due course of law.

[11] An order committing a person to jail as a punishment for contempt of court is void if "it was beyond the power of the court or…it deprived the relator of his liberty without due process of law." *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980). A void order may be challenged for the first time on appeal. *S. Sur. Co. v. Texas Oil Clearing House*, 281 S.W. 1045, 1046 (Tex. Comm'n App. 1926, jdgmt adopted) ("Strictly speaking, a void judgment is one which has no legal force or effect whatever. It is an absolute nullity and such invalidity may be asserted by any person whose rights are affected, at any time and at any place."). Appellant's claim cannot possibly be that the trial court deprived him of his liberty without due process of law, and in any event, he was not punished with confinement for contempt of court.

[12] "Due process" and "due course of law" are equivalent terms in Texas law, at least for procedural due process claims: "[w]hile the Texas Constitution is textually different in that it refers to 'due course' rather than 'due process,' we regard these terms as without meaningful distinction…As a result, in matters of procedural due process, we have traditionally followed contemporary federal due process interpretations of procedural due process issues." *Univ. of Texas Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) (citation omitted).

no writ); *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). "The right to be heard assures a full hearing before a court of competent jurisdiction, the right to introduce evidence at a meaningful time and in a meaningful manner, and the right to have a judicial finding based on the evidence." *MJR Fin., Inc.*, 840 SW.2d at 10. Appellant points to no violation of any of these rights due to his alleged inability to hear the proceedings. In fact, Appellant participated in a complete bench trial and filed a post-trial brief before a court having subject matter jurisdiction over the case and personal jurisdiction over him, (II R.R. at 6-172) (I C.R. at 33-38; 83-91), Tex. Const. art. V, § 8, Tex. Gov't Code § 27.001; introduced evidence during trial through his own testimony and exhibits, (II R.R. at 89-158) (Defendant's Ex. 1-9); and received a judgment from the court. (I C.R. at 136-137). Appellant more than had his "day in court", for "a litigant has had his 'day in court' when he has been duly cited to appear and has been afforded an opportunity to appear and to be heard." *Cohen v. City of Houston*, 185 S.W.2d 450, 452 (Tex. Civ. App.—Galveston 1945, no writ). Appellant has not been deprived of his property without procedural due course of law. *MJR Fin., Inc.*, 840 SW.2d at 10; Tex. Const. art. I, § 19.

### (2) Substantive Due Course of Law

If, instead, Appellant is making a substantive due course of law claim (which probably does not apply here at all), it also must fail. "A violation of

substantive due process occurs only when the government deprives individuals of constitutionally protected rights by an arbitrary use of its power." *Byers v. Patterson*, 219 S.W.3d 514, 525 (Tex.App.—Tyler 2007, no pet.). "To prevail on a substantive due process claim, the claimant must establish that it held a constitutionally protected property right to which the Fourteenth Amendment's due process protection applies. The court must then review the government's actions against the deferential 'rational basis' test that governs substantive due process claims." *Byers*, 219 S.W.3d at 525 (internal citations omitted).

Even assuming Appellant could meet the rest of the test, the trial court's evident willingness to accommodate Appellant's alleged hearing disability[13] cannot be said to be an "arbitrary use of its power", nor can the trial court's failure to take further steps (whatever they should have been) be considered "arbitrary", because it is reasonable not to take an action that is neither requested nor mandated by the circumstances, nor even suggested as a possible course of action by the circumstances. *Cf. Zumerge*, 236 P.3d at 1034 ("A defendant's disability, if not

---

[13] Upon learning of Appellant's alleged hearing impairment, the trial court responded:

> "That's fine. That's fine. If he can't hear me or if he can't hear a witness, if you-all will wave at me or something, I'll try to get everybody to speak up. I can turn the microphones up somewhat and that may help just a little bit."

(II R.R. at 14).

The trial court then admonished Appellee to sit speak up and sit close to the microphone during her testimony. (II R.R. at 15). Appellant requested no further action from the trial court.

obvious, must be timely communicated to the court…[h]ad he been unable to hear the proceedings in the present case, surely he would have requested such a device, or that other accommodations be made so that he could hear." (quotation and citation omitted)). Appellant's substantive due course of law claim fails.

### C. The Americans with Disabilities Act cannot provide Appellant relief in this case, and even if it could, there was no failure to effect a reasonable modification of its procedures

Appellant claims his rights under the Americans with Disabilities Act were violated. First, and dispositively, he "has failed to cite any authority, nor are we aware of any, for the proposition that a violation of the ADA voids an otherwise valid judgment." *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 83 (Tex. App.—Texarkana 2008, pet. denied). Appellant has not shown, or even argued, that the judgment is invalid. A judgment will be facially valid so long as it is not void. *McVeigh v. Lerner*, 849 S.W.2d 911, 914 (Tex. App.—Houston [1st Dist.] 1993). "A judgment is void only when it is apparent that the court rendering judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. [Other errors] render the judgment merely voidable...." *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987) (citation omitted).[14] None of these requirements for a void judgment

---

[14] This is, in fact, not the exclusive list of void judgments it appears to be. *See* footnote 11, *supra*.

apply here, so the judgment is valid. The ADA does not void a valid judgment. *Corona*, 245 S.W.3d at 83.

Second, Appellant waived any claim he might have had in this case under the ADA when he failed to plead the claim as affirmative defense. *Corona*, 245 S.W.3d at 83; (I C.R. at 35; 37); Appellant's Brief at page 3 ("Mr. Green filed only a general denial and nothing else."). If he has any options now, they lie within the "remedies, procedures, and rights set forth in Section 505 of the Rehabilitation Act of 1973." *Corona*, 245 S.W.3d at 83.

Third, it is apparent the trial court attempted to accommodate Appellant, although he made no such formal request. After learning of Appellant's alleged hearing problem, the trial court expressed its willingness to accommodate Appellant:

> "That's fine. That's fine. If he can't hear me or if he can't hear a witness, if you-all will wave at me or something, I'll try to get everybody to speak up. I can turn the microphones up somewhat and that may help just a little bit."

> (II R.R. at 14).

Then, as Appellee took the stand the trial court admonished her that she was "going to have to speak up. So use that microphone and try to stay four or five inches away from it. Otherwise we're probably going to have to repeat a lot of things." (II R.R. at 15). So, the trial court took genuine steps to help Appellant

hear the proceedings.[15] *See Zumberge*, 236 P.3d at 1032 (among the commendable actions taken to pay more than "just 'lip service'" to the appellant's hearing impairment were the admonishments to the witnesses to sit close to the microphone and speak loudly into it). It cannot be said, then, that the trial court "ignored" Appellant's alleged problem. And, it cannot be said that the trial court failed to "make reasonable modifications" to its practices and procedures, because Appellant did not request any such modifications, and so is unable to show that modifications were "necessary to avoid discrimination on the basis of disability". 28 C.F.R. § 35.130(b)(7).

**Conclusion**

Appellant failed to preserve his hearing disability claim—whether under the Texas Constitution, the Americans with Disabilities Act, or otherwise—and even if preserved, it fails: Appellant suffered no harm, was not deprived of his right to be heard, was not subjected to an arbitrary exercise of governmental power, and was tried by a judge willing to accommodate Appellant's hearing disability if necessary.

## SUMMARY OF THE ARGUMENT

REPLY TO ISSUE THREE: Two of Appellant's arguments against the award of attorney's fees are not preserved for appellate review nor would they

---

[15] Although Appellant claims that the "courtroom is equipped with assisted hearing devices", he points to nowhere in the record to show this is true. Appellant's Brief, Page 5.

survive on the merits; and the other argument fails because, if Appellant is claiming the portion of the judgment awarding attorney's fees is void for granting relief not pled, Appellee did not need to plead for attorney's fees that are mandated by statute, while, if there is a pleadings defect, it was cured when the issue was tried by consent.

Appellant appears to be making three arguments for why awarding attorney's fees under Section 27.01 of the Texas Business and Commerce Code was improper. The two related claims that the statute does not apply—because this was not the type of transaction covered by the statute and no fraud occurred because Appellee suffered no injury—must have been preserved for appeal to be raised now. However, they were not because Appellant's argument on appeal does not conform to his argument at trial. These arguments are thus waived, but even if they were not they would fail: there are documents showing a covered transaction, and by losing the improved tract to Appellant and then to foreclosure, and by losing her ability to sell the unimproved tract, Appellant obviously suffered harm.

Appellant's other argument, made in but one sentence, is that Appellee never pled for attorney's fees under Section 27.01. He does not elaborate as to why this was erroneous, and this Court should not make his arguments for him. But, to the extent his argument could be construed to claim that the trial court's judgment does not conform to the pleadings, making it void and challengeable for the first time on

appeal, this argument fails because the statute mandates an award of attorney's fees so the relief need not be specifically pled. In the alternative, the issue was tried by consent. Although Appellee's pleadings fail to mention Section 27.01 when requesting attorney's fees, Appellee referred to the statute both when offering evidence of attorney's fees at trial and in post-trial briefing. Rather than object, Appellant allowed the evidence to be admitted and engaged the issue on its merits. Therefore, this issue was tried by consent, so the pleadings defect is waived and does not result in a void judgment.

## ARGUMENT

### Standard of Review

The "availability of attorney's fees under a particular statute is a question of law for the court" that is reviewed de novo. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999); *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 885 (Tex. App.—Dallas 2009, no pet.).

### Law and Application

Appellant makes three arguments for why the trial court erred in awarding attorney's fees under Section 27.01 of the Texas Business & Commerce Code. First, he argues (or rather, states that) Appellee did not plead for attorney's fees under Section 27.01. Appellant's Brief, Page 6. While he does not go any further than that, if this Court is inclined to construe his argument liberally, he may be

arguing that the portion of the judgment awarding attorney's fees is void for failing to conform to the pleadings. Tex. R. Civ. P. 301 ("The judgment of the court shall conform to the pleadings…"); *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979) ("A judgment must be based upon pleadings…plaintiff may not sustain a favorable judgment on an unpleaded cause of action, in the absence of trial by consent") (quotation omitted); *Kubena v. Hatch*, 144 Tex. 627, 630, 193 S.W.2d 175, 177 (1946) ("it is well settled in this state that a judgment may be void in part and valid in part provided the valid portion is not so dependent on the invalid as to fall with it"); *Ferguson v. DRG/Colony N., Ltd.*, 764 S.W.2d 874, 880 (Tex. App.—Austin 1989, writ denied) ("Even a mere phrase contained in a judgment may be in excess of a trial court's judicial power"); *Corona*, 245 S.W.3d at 78 ("We review and evaluate pro se pleadings with liberality and patience…."). Second, he argues that the instant transaction was not a transaction covered by the statute. Third, he argues there was no fraud that could support the statutory attorney's fees because Appellee suffered no injury.[16] These last two arguments must have been preserved below to be raised now, so Appellee will address them first.

---

[16] This is another opportunity for the Court to overrule one of Appellant's issues as inadequately briefed. With his latter two arguments, is he claiming the evidence is legally insufficient to support a finding of fraud in a real estate transaction?

**1. Two of Appellant's arguments were not preserved for appeal because they differ from the arguments made to the trial court**

"To have preserved error, a party's argument on appeal must comport with its argument in the trial court." *Wohlfahrt v. Holloway*, 172 S.W.3d 630, 639-40 (Tex. App.—Houston [14th Dist.] 2005, pet. struck); Tex. R. App. P. 33.1. Here, Appellant's trial counsel argued in his post-trial brief that Section 27.01 of the Texas Business and Commerce Code did not apply because "there is no fraud which would support an assessment of attorney's fees". (I C.R. at 88-89). He specified which elements of fraud were lacking: "[t]he recital concerning a Promissory Note does not constitute an actionable misrepresentation to [Appellee]. There was not and was never intended to be a Promissory Note. [Appellee] testified that she knew that, and that she further understood that she would be receiving no money from [Appellant] and no money from the short sale transaction." (I C.R. at 89); Tex. Bus. & Com. Code § 27.01(a)(1). He concluded: "[Appellee] did not rely on this provision in the documents, and such statement does not constitute fraud." (I C.R. at 89). Thus, his trial attorney made two arguments attacking two elements of fraud in a real estate transaction: first, that the promissory note was not a "false representation", and second, that Appellee did not rely on the promissory note because she was privy to the true nature of the transaction. Tex. Bus. & Com. Code § 27.01(a)(1).

47

Now, on appeal, Appellant makes two other arguments, neither of which was raised below, as to why the statute does not apply: first, there was no contract for the sale of land, so this transaction does not fall within the purview of the statute; second, Appellee suffered no injury because she reached the same result—foreclosure—that she would have received had Appellant never become involved. Appellant's Brief, Pages 7-8. Because Appellant raised neither argument below, however, these arguments are not preserved. *Summit Mach. Tool Mfg. Corp. v. Great N. Ins. Co.,* 997 S.W.2d 840, 849 (Tex. App.—Austin 1999, no pet.); Tex. R. App. P. 33.1(a).

## 2. Even if preserved, the arguments fail because this was a transaction covered by the statute, and Appellee obviously suffered harm

Even if preserved,[17] Appellant's arguments fail. He may be raising a legal sufficiency challenge to the evidence. Where no findings of fact or conclusions of law are filed, the reviewing court "conduct[s] [its] review…under the same standards of review that govern sufficiency challenges to jury findings or a trial court's findings of fact. In the absence of findings, the judgment of the trial court must be affirmed if it can be upheld on any available legal theory that finds support in the evidence…In analyzing a legal sufficiency challenge, [the court] must

---

[17] Or, if the Court interprets the first two arguments as attacking the legal sufficiency of the evidence to support the Court's finding of fraud in a real estate transaction. Tex. R. App. P. 33.1(d) (in an appeal following a bench trial, complaints regarding the legal sufficiency of the evidence may be made for the first time on appeal).

determine whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict…[a determination the appellate court reaches after reviewing] the evidence in the light most favorable to the verdict, crediting any favorable evidence if a reasonable factfinder could and disregarding any contrary evidence unless a reasonable factfinder could not…[A] no-evidence or legal sufficiency challenge [may be sustained] only when (1) the record discloses a complete absence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the only evidence offered to prove a vital fact is no more that a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact." *Jistel v. Tiffany Trail Owners Ass'n, Inc.*, 215 S.W.3d 474, 479-80 (Tex. App.—Eastland 2006, no pet.) (internal citations omitted).

Here, there were plainly documents evidencing a real estate transaction, not a loan transaction, (Plaintiff's Ex. 6, 7, 16), so Appellant cannot claim the statute is inapplicable on that ground, and Appellee was plainly injured: she sought Appellant's help to avoid losing the improved tract to foreclosure, but Appellant culpably did not deliver and she lost the tract anyway—first to him without compensation, and then through him to foreclosure. (II R.R. at 40) (Plaintiff's Ex. 6, 7, and 13). She also lost the unimproved tract to Appellant without being compensated. (II R.R. at 19-20; 39-40) (Plaintiff's Ex. 6 and 7). And her inability

to sell the unimproved tract because Appellant's actions put a cloud on the title is surely further evidence of injury. (II R.R. at 49-50). But even regarding his primary claim—that Appellee suffered no injury because she suffered the same result (foreclosure) she would have experienced had Appellant not become involved—to argue in this fashion is like saying that the patient who lost a limb has suffered no injury even though he placed his faith in the doctor who could have, but culpably did not, cure him. In fact, Appellant's real but unarticulated claim must be that he did not *cause* Appellee harm, not that she suffered no *injury*—she obviously did. But neither Appellee nor this Court can or should make his arguments for him. *Paselk v. Rabun*, 293 S.W.3d 600, 613 (Tex. App.— Texarkana 2009, pet. struck) ("It is not the proper role of this Court to create arguments for an appellant—we will not do the job of the advocate.").

**3. Appellant's argument that Appellee did not plead for attorney's fees under Section 27.01 of the Texas Business and Commerce Code is inadequately briefed, and should be overruled: this Court should not make Appellant's arguments for him**

Appellant argues that Appellee did not plead for attorney's fees, but he does not explain why this means the trial court erred nor does he cite any authority to support his conclusion. Although proceeding *pro se*, Appellant "must still comply with all applicable briefing rules", otherwise "*pro se* litigants would be afforded an unfair advantage over those represented by counsel." *Arellano v. Magana*, 315 S.W.3d 576, 577 (Tex. App.—El Paso 2010, no pet.). As a result, his brief must

contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). The "burden rests on [Apppellant] to discuss [his] assertions of error", and this Court has "no duty to perform an independent review of the record and applicable law to determine whether there was error." *Arellano*, 315 S.W.3d at 577 (citations omitted). "Therefore, when an appellate issue is unsupported by argument or contains an argument lacking citation to the record or legal authority, nothing is presented for review." *Id*.

In this case, because Appellant does not explain why the failure to plead for attorney's fees by citing Section 27.01 presents a problem, so for this Court to evaluate his contention the Court must divine Appellant's premises and the authority to support them—something the Court cannot and should not do. *Paselk*, 293 S.W.3d at 613 ("It is not the proper role of this Court to create arguments for an appellant—we will not do the job of the advocate."). As with the rest of Appellant's issues, then, this Court has discretion to overrule this argument, and the issue as a whole, as inadequately briefed. *Id*.; Tex. R App. P. 38.1(i).

If Appellant is arguing the portion of the judgment awarding attorney's fees is void because it grants relief beyond the scope of the pleadings, a claim which may be raised for the first time on appeal, then Appellee's response is twofold:

51

first, because the statute mandates awarding attorney's fees, she need not have pled for them; second, the issue was tried by consent.

**4. A party need not plead for attorney's fees under Section 27.01 of the Texas Business and Commerce Code because an award of attorney's fees is mandatory under the statute**

"Any person who violates the provisions of this section ***shall be liable*** to the person defrauded for reasonable and necessary attorney's fees, expert witness fees, costs for copies of depositions, and costs of court." Tex. Bus. & Com. Code Ann. § 27.01(e) (emphasis added). Because the statute mandates the award of attorney's fees, a party need not specifically plead for them to receive them. *Compass Bank v. Nacim*, 459 S.W.3d 95, 112 (Tex. App.—El Paso 2015, no pet.) ("With regard to pleadings, the general rule is that unless attorney's fees are mandated by a statute, a party must properly plead for them."); *State v. Estate of Brown*, 802 S.W.2d 898, 900 (Tex. App.—San Antonio 1991, no writ) ("Absent a mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked by pleadings, and a judgment not supported by pleadings requesting an award of attorney's fees is a nullity."); *see Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ("Statutes providing that a party 'may recover', 'shall be awarded', or 'is entitled to' attorney fees are not discretionary."). Appellee pled fraud and fraud by nondisclosure. (I C.R. at 52). While she did not cite 27.01 in her First Amended Petition (though she did during trial and in her post-trial brief) (II R.R. at 164) (I

C.R. at 94), her allegations in paragraph 19 of her petition sufficiently mirror those of the statute, and it is no secret this was a real estate transaction—Appellant himself engaged Section 27.01 on the merits. (I C.R. at 52); Tex. Bus. & Com. Code Ann. § 27.01(a)(1); (I C.R. at 88-90) (Appellant quotes relevant part of 27.01 and argues why Appellee did not prove her entitlement to attorney's fees under this statute); *Land Title Co. of Dallas, Inc. v. F. M. Stigler, Inc.*, 609 S.W.2d 754, 756 (Tex. 1980) ("In determining whether issues are supported by pleadings, the trial court will supply omissions in the pleadings of one party by referring to the allegations contained in the pleadings of another."). Under these circumstances, Appellee need not ask for what she must receive if she prevails, as indeed she did. *Compass Bank*, 459 S.W.3d at 112; *Estate of Brown*, 802 S.W.2d at 900.

> **5. The portion of the judgment awarding attorney's fees under Section 27.01 of the Texas Business and Commerce Code is not void because, although unpleaded, the issue was tried by consent**

It is true that while Appellant's First Amended Petition requests attorney's fees, it does not cite Section 27.01 of the Texas Business and Commerce Code. (I C.R. at 49-56). Ordinarily this would render the portion of the judgment awarding attorney's fees void. Tex. R. Civ. P. 301; *Stoner*, 578 S.W.2d at 682; *Kubena*, 144 Tex. at 630, 193 S.W.2d at 177; *Ferguson*, 764 S.W.2d at 880.

However, as the Texarkana Court of Appeals has recognized, "[t]here are sizable exceptions to that concept [that a judgment must conform to the pleadings],

most of which have to do with the idea that a matter may be tried by consent. Under those theories, unpleaded claims or defenses that are tried by express or implied consent of the parties are treated as if they had been raised by the pleadings. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 495 (Tex.1991). The corollary is that the party who allows an issue to be tried by consent and who fails to raise the lack of a pleading before submission of the case cannot later raise the pleading deficiency for the first time on appeal. *Id.*" *State for Prot. of Cockerham v. Cockerham*, 218 S.W.3d 298, 304 (Tex. App.—Texarkana 2007, no pet.); Tex. R. Civ. P. 67.

"A party's unpleaded issue may be deemed tried by consent when evidence on the issue is developed under circumstances indicating both parties understood the issue was in the case, and the other party failed to make an appropriate complaint…However, trial by consent is inapplicable when evidence relevant to an unpleaded matter is also relevant to a pleaded issue; in that case, admission of the evidence would not be calculated to elicit an objection, and its admission ordinarily would not demonstrate a clear intent on the part of all parties to try the unpleaded issue." *City of The Colony v. N. Texas Mun. Water Dist.*, 272 S.W.3d 699, 744 (Tex. App.—Fort Worth 2008, pet. dism'd) (citations and quotations omitted). A reviewing court "must examine the record not for evidence of the issue, but rather for evidence the issue was tried." *Hampden Corp. v. Remark, Inc.*, 331 S.W.3d

54

489, 496 (Tex. App.—Dallas 2010, pet. denied). "An issue is not tried merely because there is evidence on the issue, but can be deemed tried by consent when both parties present conflicting evidence on the subject." *Id.* (citing *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex.2009) ("When both parties present evidence on an issue and the issue is developed during trial without objection, any defects in the pleadings are cured at trial, and the defects are waived.")).

Here, just before introducing evidence to support her request for attorney's fees, the trial court asked Appellee's counsel: "So it's your position that you're entitled to attorney's fees on a breach of fiduciary duty and fraud." (II R.R. at 164). Her attorney responded: "Yes, that's correct, under Business and Commerce Code Section – I think it's 2701. [sic]" (II R.R. at 164). He then proceeded to introduce evidence to support Appellee's claim for attorney's fees. (II R.R. at 164-167) (Plaintiff's Ex. 37). Appellant's attorney did not question Appellee's witness, and he did not object to the proffered evidence nor, most importantly, to Appellee's claim that she was entitled to attorney's fees under Texas Business and Commerce Code Section 27.01. (II R.R. at 163-164; 167). This alone evinces that "evidence on the issue [was] developed under circumstances indicating both parties understood the issue was in the case, and the other party failed to make an appropriate complaint." *City of The Colony*, 272 S.W.3d at 744.

But the parties went further. At the end of the trial the court called for closing arguments in the form of post-trial briefs. (II R.R. at 167-171). At the end, the Court expressed its reservation about whether Appellee was entitled to attorney's fees: "And I asked the question about attorney's fees because, as I sit here, I didn't think in a breach of fiduciary duty or fraud you were entitled to attorney's fees unless you could connect it up to breach of contract or something so include that in your written argument that you can point out and say I'm wrong. But that's just off the top of my head. So, I mean, 50/50 I am wrong, I realize that. But I'm just telling you-all, off the top of my head I do not think you are entitled to it. So you better stick that in there if you think you are." (II R.R. at 171). This was an additional chance for Appellant to object to Appellee's request for attorney's fees under Section 27.01, but he stood silent. In fact, when hashing out the timeframe for the parties to present their respective written closing arguments, Appellant's attorney commented that "if there's something that startles us, I think it might be fair to request an opportunity and explain to the Court why we would like maybe two days to respond to something that. [sic]" (II R.R. at 169). Appellant's attorney made no such request for additional time to respond to anything startling.

In fact, Appellant apparently was not startled by Appellee's claim for attorney's fees under Section 27.01 because he engaged that claim on the merits.

56

(I C.R. at 88-90; 94).  Rather than argue that Appellee could not recover attorney's fees under Section 27.01 because that relief was not pled, after listing the relevant elements of Section 27.01 Appellee argued "there is no fraud which would support an assessment of attorney's fees against Mr. Hofrock."  (I C.R. at 88-89).  Obviously "both parties understood the issue was in the case, and [Appellant] failed to make an appropriate complaint".  *City of The Colony*, 272 S.W.3d at 744.  While trial by consent "is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried the unpleaded issue" and "is not intended to establish a general rule of practice[,] should be applied with care, and in no event in a doubtful situation", *Jay Fikes & Associates v. Walton*, 578 S.W.2d 885, 889 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.), this is not a doubtful situation:  having allowed Appellee to argue her entitlement to attorney's fees under Section 27.01, and having failed to complain before the case was submitted to the court—indeed, having argued the issue to the very threshold of submission—Appellant cannot now complain on appeal that Appellee received unpleaded relief. *Roark,* 813 S.W.2d at 495; *State for Prot. of Cockerham*, 218 S.W.3d at 304.  We have both evidence of the issue and evidence that the issue was tried. *Hampden Corp.*, 331 S.W.3d at 496.

This is so even though the evidence offered was relevant to Appellee's plea for attorney's fees under a different statute. *See City of The Colony*, 272 S.W.3d at

744; (I C.R. at 53-54). According to *City of The Colony*, "trial by consent is inapplicable when evidence relevant to an unpleaded matter is also relevant to a pleaded issue; in that case, admission of the evidence would not be calculated to elicit an objection, and its admission ordinarily would not demonstrate a clear intent on the part of all parties to try the unpleaded issue." *Id*. So, the argument would go, because Appellee pled for attorney's fees and offered evidence of attorney's fees, this evidence "would not be calculated to elicit an objection", nor would "its admission ordinarily…demonstrate a clear intent" to try the unpleaded issue of entitlement to attorney's fees under Section 27.01. *Id*. However, Appellee's case is distinguishable because her attorney made it clear—even before the evidence was admitted—which statute he was using to seek attorney's fees. (II R.R. at 164). At that point, Appellant's counsel should have known that this statute was unpleaded—indeed, his counsel demonstrated enough knowledge of Appellee's pleadings to object earlier in the trial that an allegation that the description of the property in the deed was defective was "outside the pleadings". (II R.R. at 113-114; 163-167). Thus, this was in fact a situation where offering evidence relevant to both a pleaded and an unpleaded issue would be "calculated to elicit an objection". *City of The Colony*, 272 S.W.3d at 744. Moreover, Appellee and Appellant briefed the attorney's fees issue under Section 27.01, so there was a "clear intent" to try the unpleaded issue. *Id*.; (I C.R. at 88-90; 94). If Appellant

58

claims this was not his intent, his attorney had ample time to complain to the trial court.  (II R.R. at 168-170).  He did not, even after the trial court indicated it was uncertain whether attorney's fees were recoverable here.  (II R.R. at 171-172).  The issue was tried by consent, and the pleadings defect is waived.  Tex. R. Civ. P. 67; *Roark,* 813 S.W.2d at 495; *State for Prot. of Cockerham*, 218 S.W.3d at 304.[18]

## Conclusion

Two of Appellant's reasons the trial court erred to award attorney's fees are waived, and fail on the merits in any event.  The other reason is inadequately briefed, but if it is not, it either does not apply or is waived.  Appellant's third issue must be overruled.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee asks this Court to AFFIRM the trial court's judgment.

---

[18] The Texas Supreme Court speaks of trial by consent occurring when "*both* parties present evidence on an issue and the issue is developed during trial without objection". *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex.2009) (emphasis added).  As the Dallas Court of Appeals implies, however, it is not necessary that *both* parties present evidence before the issue can be deemed tried by consent.  *Hampden Corp. v. Remark, Inc.*, 331 S.W.3d 489, 496 (Tex. App.—Dallas 2010, pet. denied) (issue "*can be* deemed tried by consent when both parties present conflicting evidence on the subject") (emphasis added).  Here, "both parties understood the issue was in the case, and [Appellee] failed to make an appropriate complaint". *City of The Colony*, 272 S.W.3d at 744.

Respectfully submitted:

/s/  Justin Bradford Smith
Justin Bradford Smith
Texas Bar No. 24072348

Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
Fax: (254) 771-2082
Email: justin@templelawoffice.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellee's Brief contains 12,095 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

/s/  Justin Bradford Smith
Justin Bradford Smith

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2015, a true and correct copy of

Appellee's Brief was forwarded to the counsel below by eservice:

Jerry Hofrock
1601 Eagle Wing
Cedar Park, Texas 78613
Email:  notebanker@gmail.com

/s/  Justin Bradford Smith
Justin Bradford Smith